Opal Lee **WALKER**, Petitioner,

v.

**BLUE WATER GARDEN APARTMENTS,**
Respondent.

No. C–7798.

Supreme Court of Texas.

Sept. 20, 1989.

Samuel T. Jackson, Amarillo, for petitioner.

Rex W. Easterwood, Hereford, for respondent.

## OPINION

HECHT, Justice.

We address two issues of appellate procedure in this forcible entry and detainer case: whether petitioner's pauper's affidavit was sufficient to perfect her appeal from the judgment of the justice court to the county court under Texas Rule of Civil Procedure 749a,[1] and whether petitioner's deposit of one month's rent required to perfect her appeal under Rule 749c was timely. The county court held that petitioner's deposit was not timely, and dismissed petitioner's appeal for want of jurisdiction. Without addressing this issue, the court of appeals held that petitioner's affidavit was not sufficient to establish her inability to pay the costs of appeal, and affirmed the judgment of the county court. We disagree with both courts. Consequently, we reverse the judgment of the court of appeals and remand the cause to the county court for further proceedings.

### I

Blue Water Garden Apartments sued Opal Lee Walker to recover possession of and unpaid rent for an apartment which Blue Water rented to Walker. The justice court rendered judgment in favor of Blue Water for both possession of the apartment and unpaid rent. Walker then sought to appeal to the county court without filing the cost bond required by Rule 749.[2] To be

---

1. Except as otherwise noted, all references to rules are to the Texas Rules of Civil Procedure.

2. Rule 749 states in pertinent part:

entitled to appeal, Walker was required by Rule 749a to make "strict proof" of her inability to pay the costs of appeal by filing an affidavit stating her "inability to pay such costs, or any part thereof, or to give security".[3] Walker filed an affidavit which stated:

My name is Opal Lee Walker. I am 53 years old and live at Blue Water Gardens Apartments in Hereford, Texas. I live with my daughter, age 20, and my grandson, age 15 months.

Neither my daughter nor I have a job. My daughter is anemic and with her baby is unable to work. I am unable to work because of my physical condition.

Our total income each month is $158 from AFDC and $170 from food stamps. We have no other source of income. We pay rent of $26 a month at Blue Water Gardens and what is left of the money goes for food, clothing and other things for the baby.

We do not have a car or own any property or have any bank accounts. I owe about $183.50 to [a named doctor].

The above is the total amount of resources available to us and is fully spent every month just to get by.

In addition to filing an affidavit, Walker was also required by Rule 749c to pay one month's rent into the justice court registry to perfect her appeal.[4] Blue Water concedes that Walker made the required deposit but contends that the deposit was untimely. On Blue Water's motion, the county court dismissed Walker's appeal for want of jurisdiction based upon Walker's failure to "perfect her appeal in accordance with Rule 749c".

Walker then appealed to the court of appeals, where she argued not only that her deposit of one month's rent was timely, but also that, by making a deposit a prerequisite to appeal, Rule 749c denies paupers equal access to the appellate process in violation of the due process and equal protection guarantees of the federal and state constitutions. The court of appeals did not address Walker's arguments but held instead that Walker's affidavit did not substantially comply with Rule 749a.[5] Specifically, the court of appeals concluded that Walker's affidavit was defective because it did not refer to the cause, judgment, or appeal, and did not state in so many words that Walker was unable "to pay such costs, or any part thereof, or to give security." The court of appeals considered itself obliged to address the sufficiency of Walker's affidavit, an issue never raised by Blue Water, because it held that the defect it found was fundamental, indeed jurisdictional. Accordingly, the court of appeals affirmed the county court's dismissal of Walker's appeal for want of jurisdiction, though for reasons different from those urged in either court.

## II

In *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 187 S.W.2d 363, 365 (1945), we held that a pauper's affidavit need com-

---

Either party may appeal from a final judgment in [a forcible entry and detainer] case, to the county court of the county in which the judgment is rendered by filing with the justice within five days after the judgment is signed, a bond to be approved by said justice, and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him.

3. Rule 749a provides in pertinent part:

If appellant is unable to pay the costs of appeal, or file a bond as required by Rule 749, he shall nevertheless be entitled to appeal by making strict proof of such inability within five days after the judgment is signed, which shall consist of his affidavit filed with the justice of the peace stating his inability to pay

such costs, or any part thereof, or to give security. . . .

4. Rule 749c states in part:

The appeal in any forcible detainer case shall be perfected when an appeal bond has been filed.

When a pauper's affidavit has been filed in lieu of the appeal bond, the appeal shall be perfected when the pauper's affidavit is filed with the court; however, when the case involves nonpayment of rent, such appeal is perfected when both the pauper's affidavit has been filed and when one rental period's rent has been paid into the justice court registry.

5. The court of appeals referred both to Rules 749a and 749b. However, the pertinent provision appears to be the quoted portion of Rule 749a.

ply only substantially, not strictly, with requirements of the rules of procedure. Appellant in that case filed an affidavit in which he stated that he had made diligent efforts to post an appeal bond but could not do so because of his poverty, that he was not being paid, and that he could not find profitable work. We held that this affidavit substantially met the requirement of the rule that appellant aver that "he is unable to pay the costs of appeal or any part thereof, or to give security therefor." [6] We further observed that even if the affidavit had been defective, dismissal by the court of appeals would have been improper without allowing appellant an opportunity to correct the defect.[7]

■ Similarly, we have held that a cost bond, even if defective, is sufficient to confer jurisdiction upon the appellate court as long as the instrument may be said to be a bond. *United Ass'n of Journeymen & Apprentices v. Borden,* 160 Tex. 203, 328 S.W.2d 739, 741 (1959); *Grogan Mfg. Co. v. Lane,* 140 Tex. 507, 169 S.W.2d 141, 141–142 (1943). Likewise, we have also held that a defective certificate that a cash deposit has been made in lieu of bond also invokes appellate jurisdiction despite the defect. *Woods Exploration & Producing Co. v. Arkla Equip. Co.,* 528 S.W.2d 568, 570 (Tex.1975). Defects in such instruments may be amended under Texas Rule of Appellate Procedure 46(f).[8] *See Woods Exploration,* 528 S.W.2d at 570.

■ We have consistently held with respect to all such methods of perfecting appeal that the factor which determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the bond, certificate or affidavit, but whether the instrument "was filed in a bona fide attempt to invoke appellate court jurisdiction." *Borden,* 328 S.W.2d at 741; *accord Woods Exploration,* 528 S.W.2d at 570. Applying the same rule to this case, we conclude that Walker's affidavit is a plain effort to invoke the jurisdiction of the county court and was sufficient to do so. The affidavit alleges facts from which may readily be inferred the implicit conclusion that Walker was unable to pay or give security for any of the costs in this case. Accordingly, the court of appeals erred in holding that Walker's affidavit was insufficient to perfect her appeal.

### III

■ Rule 749a requires that an affidavit of inability to pay costs made to perfect an appeal from the judgment of the justice court be filed within five days after the judgment is signed. The rules prescribe no deadline for making the deposit of one month's rent required by Rule 749c.[9] Walker filed her affidavit four days after the judgment was signed. She contends that at the same time she also attempted to deposit one month's rent with first the justice court and then the county clerk, but that both refused the deposit. Blue Water concedes that Walker finally made the re-

---

6. The rule referred to was Rule 355, now repealed. The language relied upon has been carried over verbatim into Rule 40(a)(3)(A) of the Texas Rules of Appellate Procedure.

7. We relied upon Rule 437, which, at that time, provided in pertinent part:

   A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities....

   Rule 437 has been repealed and the quoted language carried over verbatim into Rule 83 of the Texas Rules of Appellate Procedure.

8. Rule 46(f) states:

   On motion to dismiss an appeal or writ of error for a defect of substance or form in any bond or deposit given as security for costs, the appellate court may allow the filing of a new bond or the making of a new deposit in the trial court on such terms as the appellate court may prescribe.

Although this rule does not expressly apply to appeals in the county court from the justice court, *see* Tex.R.App.P. 1(a), 3(a), the county court as an appellate court in such cases has the same power. *See Pharis v. Culver,* 677 S.W.2d 168 (Tex.App.—Houston [1st Dist.] 1984, original proceeding).

9. Rule 749b does require that a deposit of one month's rent to supersede enforcement of the judgment for possession of the premises be made within five days after the judgment is signed. This deposit, however, is not for perfection of appeal.

quired deposit with the county court fifty days after the judgment was signed, but contends that the deposit was too late. The county court apparently agreed with Blue Water, despite the absence of any deadline for the deposit under the rules. We choose not to imply a specific deadline in these rules where none exists expressly. Rather, we conclude that Walker's reasonably prompt efforts to meet the requirements of Rule 749c were sufficient to perfect her appeal.

Having concluded that Walker made the deposit required by Rule 749c, we need not consider her constitutional arguments.

### IV

The judgment of the court of appeals is reversed and the cause is remanded to the county court for further proceedings.