In the Interest of Jeffrey David HALL and Emilee Jane Hall, Minor Children.

No. 07–93–0453–CV.

Court of Appeals of Texas, Amarillo.

Jan. 18, 1994.

James D. Stewart & Assoc., Inc., San Antonio, Robert L. Graul, Jr., for appellant.

Jamie S. Vandiver, Amarillo, for appellee.

Before DODSON, BOYD and POFF, JJ.

POFF, Justice.

Judgment was signed in the present cause on October 1, 1993. Appeal from the judgment was required to be perfected by November 1. *See* Tex.R.App.P. 41(a)(1). Nathalie Marie Hall [Hall], mother of Jeffrey David Hall and Emilie Jane Hall, filed a notice of appeal on October 13. However, no appeal bond, cash deposit or affidavit in lieu thereof was timely filed as required to perfect appeal under Rule 40(a)(1) of the Texas Rules of Appellate Procedure.

On November 29, the Clerk of this Court gave notice to Hall that pursuant to Tex. R.App.P. 60(a)(2) her appeal would be dismissed unless she filed with this Court, within ten days, a response showing grounds for continuing the appeal. Hall's counsel responded by letter in which he gave the following explanation for not filing an appeal bond, cash deposit or affidavit in lieu thereof:

> I am responding to the court's request that a response be filed showing grounds for continuing the appeal. On October 15, 1993, a Notice of Appeal was filed with the Randall County District Clerk. It was my understanding that pursuant to Texas Rules of Appellate Procedure, Rule 40(a)(2) security was not required in this matter as it involves a court's order regarding possession and access to minor children. This notice of appeal was timely filed with the Randall County District Court.

> The Texas Rules of Appellate Procedure provide that when security for costs on appeal is not required by law, that a written notice of appeal be filed with the Clerk or Judge. It was based on this provision of the Texas Rules of Appellate Procedure that notice of appeal and not a cost bond on appeal was filed.

Rule 40(a)(2) of the Texas Rules of Appellate Procedure does allow that a written notice of appeal be filed in lieu of a bond in cases where security for costs on appeal is not required by law. However, the rule is silent as to the specific situations in which security for costs on appeal is not required. There is certainly nothing in Rule 40(a)(2) that supports Hall's understanding that security is not required in matters regarding possession and access to minor children.

The Texas Family Code declares that "[a]ppeals from orders, decrees, or judgments entered in suits affecting the parent-child relationship ... shall be as in civil cases generally." Tex. Fam.Code Ann. § 11.19(a) (Vernon 1986). The judgment in the present case is one affecting the parent-child relationship and we can find no reason to treat this cause any differently than other civil cases. We find nothing in the law that would

excuse security for costs on appeal in this instance.

Hall's notice of appeal did not serve to perfect appeal. She did not timely file for an extension of time in which to perfect appeal. *See* Tex.R.App.P. 41(a)(2). Accordingly, the appeal must be dismissed for want of jurisdiction.