**Kenneth D. GRIFFIN, Appellant,**

**v.**

**The OFFICE OF the ATTORNEY GENERAL, Appellee.**

No. 04–95–00904–CV.

Court of Appeals of Texas,
San Antonio.

March 20, 1996.

Robert L. Busselman, Kenedy, for appellant.

Oscar Dominic Carvajal, Assistant Attorney General, Child Support Enforcement, Jourdanton, for appellee.

Before CHAPA, C.J., and HARDBERGER and GREEN, JJ.

### OPINION ON ORDER RETAINING APPEAL ON THE DOCKET

GREEN, Justice.

On initial review, it appeared that we lacked jurisdiction over the appeal because appellant filed a notice of appeal when he should have filed a cost bond, affidavit of indigency, or cash deposit. On December 21, 1995, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. We now find that our prior order was erroneous, and we retain this appeal on our docket.

The trial court signed a final judgment adverse to appellant on October 5, 1995. No motion for new trial was filed, and the appeal was due to be perfected by November 6, 1995, thirty days later. TEX.R.APP.P. 41(a)(1). On November 5, 1995, appellant filed a notice of appeal. Because a notice of appeal is not available to non-governmental parties who appeal cases affecting the parent-child relationship, we questioned the ability of appellant's notice to confer jurisdiction upon this court. *See In re Hall,* 871 S.W.2d 251, 252 (Tex.App.—Amarillo 1994, no writ); TEX.FAM. CODE ANN. §§ 109.002(a), 110.001, 110.002(c) (Vernon Supp.1996).

In *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 499 (Tex.1991) (per curiam), the supreme court addressed the issue of whether a court of appeals may dismiss an appeal when an appellant erroneously files a notice of appeal rather than an appeal bond. The supreme court held that "[a] court of appeals has jurisdiction over any appeal where the appellant files an instrument that 'was filed in a bona fide attempt to invoke appellate court jurisdiction.'" *Id.* at 500 (citing *Walker v. Blue Water Garden Apartments,* 776 S.W.2d 578, 581 (Tex.1989)). The court concluded that appellant, on his own motion, must be allowed the opportunity to amend or refile the proper instrument. *Id.; see also Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994) (per curiam).

Here, we find that appellant timely filed his notice of appeal in a bona fide attempt to perfect his appeal. *See City of San Antonio v. Rodriguez,* 828 S.W.2d 417, 418 (Tex.1992)

(per curiam) (describing a notice of appeal with the wrong cause number as a bona fide attempt to invoke jurisdiction). Therefore, this court has jurisdiction over the appeal, whether or not the notice of appeal was the correct document to perfect appeal. Because our jurisdiction was properly invoked, it was error to question it in our prior order.[1]

We retain jurisdiction over this appeal.

---

1. We express no opinion as to the adequacy of appellant's notice of appeal should the appellee choose to enforce its right to a cost bond. Nor do we address whether appellant's appeal could be dismissed for failure to post a bond upon appellee's motion.