Kenneth D. **GRIFFIN**, Appellant

v.

**OFFICE OF THE ATTORNEY GENERAL**, Appellee.

No. 04–95–00904–CV.

Court of Appeals of Texas, San Antonio.

Aug. 7, 1996.

---

Robert L. Busselman, Kenedy, for appellant.

John B. Worley, Asst. Atty. Gen., Child Support Div., Austin, for appellee.

Before CHAPA, C.J., and HARDBERGER and GREEN, JJ.

## OPINION

PER CURIAM.

The appellee, the Office of the Attorney General, filed a motion to dismiss this appeal for failure to correct a defect in the perfecting document as well as an alternative motion to dismiss for want of prosecution. On July 9, 1996, we held these motions in abeyance and ordered the appellant, Kenneth D. Griffin, to correct the defect. Griffin did not respond. Accordingly, we grant the appellee's motions to dismiss.

The appeal was due to be perfected by November 6, 1995. On November 5, 1995, Griffin filed a notice of appeal. As we indicated in our December 21, 1995 show cause order, Griffin should have filed a cost bond, a cash deposit, or an affidavit of indigency. TEX.R.APP. P. 40(a)(1); *see also In re Hall*, 871 S.W.2d 251, 252 (Tex.App.—Amarillo 1994, no writ); TEX. FAM.CODE ANN. § 109.002(a) (Vernon 1996). Nonetheless, we found that Griffin had filed his timely notice of appeal in a bona fide attempt to perfect his appeal. *Griffin v. Office of the Attorney General*, 919 S.W.2d 170, 170 (Tex.App.—San Antonio 1996, order) (citing *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 499 (Tex.1991)). We concluded that our jurisdiction had been properly invoked, but we expressed no opinion as to the adequacy of Griffin's notice of appeal should the appellee choose to enforce its right to a cost bond. *Id.* at 171 & n. 1.

As appellee noted in its motions to dismiss, Griffin has known about the defect in his perfecting document since December 21, 1995. He has not responded to the appellee's motions nor has he filed a cost bond or substitute security as required by our order of July 9, 1996. The failure to comply with a court order is grounds for dismissal. TEX. R.APP. P. 60(a)(1).

The appeal is dismissed.