NUMBER 13-98-489-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


DEBORAH K. GILLESPIE, Appellant,


v.



A. G. A. RHYNE, Appellee.

____________________________________________________________________


On appeal from the County Court-at-Law No. 2


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and Yañez


Opinion by Justice Hinojosa



 Appellant, Deborah K. Gillespie, appeals from an order of the County Court-at-Law No. 2 of Nueces County that her appeal from an order of the justice court,(1)
finding she was not indigent, was untimely filed. By two issues, Gillespie contends
the county court-at-law erred in finding that she had not timely perfected her appeal
from the justice court's order. We reverse and remand.

A. Procedural History


 The record reflects that appellee, A. G. A. Rhyne, filed a forcible detainer action
in the justice court against Gillespie to recover possession of property which Gillespie
and her family occupy as their residence.(2) On June 11, 1998, the justice court
rendered judgment against Gillespie for possession of the property. The justice court
set an appeal bond of $1,500.00.(3) On July 30, 1998, Gillespie filed an affidavit of
Inability to Give Appeal Bond. Rhyne contested the pauper's affidavit and the amount
of the appeal bond, and the justice court conducted a hearing on August 7, 1998. At
the conclusion of the hearing, the justice court found that Gillespie was not indigent. 
On August 10, 1998, Judge Lawrence Guess signed the following order:

 On August 7, 1998, the Court heard Plaintiff, A. G. A. RHYNE's,
contest of indigence. After considering the pleadings, the Defendant,
DEBORAH K. GILLESPIE's, Pauper's Affidavit, the contest, and the
evidence received at the hearing, the Court finds the Defendant,
DEBORAH K. GILLESPIE, is not indigent based upon proof presented at
the hearing supporting Defendant, DEBORAH K. GILLESPIE's, ability to
post an Appeal Bond. The Court further finds that Defendant, DEBORAH
K. GILLESPIE, must post a cash bond in the amount of $6,000.00 within
five (5) working days in order to perfect her appeal to a County Court at
Law, Nueces County, Texas.


 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the
Defendant, DEBORAH K. GILLESPIE's, Pauper's Affidavit is denied.


 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
Defendant, DEBORAH K. GILLESPIE, must post a cash bond in the
amount of $6,000.00 by Thursday, August 13, 1998 at 5:00 p.m. in
order to perfect her appeal to a County Court at Law, Nueces County,
Texas. If the cash bond is not timely posted, a Writ of Possession may
issue on the property made subject of this cause.


 Signed this 10th day of August, 1998.


 Judge Lawrence Guess

 Justice of the Peace, Pct. 3

 Nueces County


On August 13, 1998, Gillespie filed an Affidavit of Indigence, in lieu of a cash bond,
and a notice of appeal with the county court-at-law.

 On August 14, 1998, Judge Guess filed in the county court-at-law, his
"Objection to Appellant's Appeal from Order on Plaintiff's Contest of Indigence." 
Judge Guess asked the county court-at-law to dismiss Gillespie's appeal and remand
the case to his court "because the appeal has not been made in a timely manner." 
Judge Guess argued as follows:

* * * * *


 Texas Rule of Civil Procedure 749a provides that if the justice of
the peace disapproves the pauper's affidavit, appellant may within five
(5) days thereafter bring the matter before the county judge for final
decision. The Pauper's Affidavit was denied on August 6, 1998. 
Accordingly, Appellant, DEBORAH K. GILLESPIE, had until August 11,
1998 to file an appeal in County Court, Nueces County, Texas. 
Appellant, DEBORAH K. GILLESPIE, did not file such appeal until
Thursday, August 13, 1998. Therefore, Appellant, DEBORAH K.
GILLESPIE's, appeal has not been filed in a timely manner and should be
dismissed.

* * * * *


 FOR THESE REASONS, JUDGE LAWRENCE GUESS asks this Court
to dismiss Appellant, DEBORAH K. GILLESPIE's, appeal and remand the
cause to Justice of Peace Court, Precinct 3, Place 1, Nueces County,
Texas.


On September 3, 1998, the County Court-at-Law No. 2 of Nueces County, Texas,
signed an order denying Gillespie's appeal from the justice court's order because it
"was not filed within five days after [Gillespie's] Pauper's Affidavit was disapproved,
as required by Texas Rule of Civil Procedure 749a." 

B. Rule 749a


 "If appellant is unable to pay the costs of appeal, or file a bond . . . [she] shall
nevertheless be entitled to appeal by making strict proof of such inability to pay within
five days after the judgment is signed . . . ." Tex. R. Civ. P. 749a. The affidavit may
be contested within five days after filing. Id. When a pauper's affidavit is timely
contested by the appellee, the justice of the peace in whose court the suit is pending
shall hold a hearing and rule on the matter within five days. Id. If the justice of the
peace disapproves the pauper's affidavit, appellant may, within five days thereafter
bring the matter before the county judge for a final decision. Id. If the county judge
disapproves the pauper's affidavit, appellant may perfect her appeal by filing an appeal
bond in the amount as required by Rule 749 within five days thereafter. Id.


C. Discussion


 By two issues, Gillespie contends the county court-at-law erred in finding that
her appeal was not timely perfected. Specifically, Gillespie argues that the court
"erred by not finding that the justice court's order specifically and without ambiguity
gave [her] until August 13, 1998 to file an appeal bond to county court."

 According to Judge Guess's order, the hearing on the contest of indigency was
held on August 7, 1998, and Gillespie's pauper's affidavit was then disapproved. 
Therefore, under rule 749a, Gillespie's notice of appeal should have been filed by
August 12, 1998.(4)

 Even though five days from the disapproval of the pauper's affidavit was August
12, 1998, equity requires that Gillespie's notice of appeal be deemed timely and the
appeal perfected.(5) Judge Guess's order clearly informed Gillespie, who was pro se at
the time, that she had until August 13, 1998 to perfect her appeal. Gillespie followed
Judge Guess's order and filed her notice of appeal and pauper's affidavit by 5:00 p.m.
on August 13th.

 We believe Judge Guess's inaccurate computation of the time limits should not
result in Gillespie's loss of her appeal. As the supreme court stated in Walker v. Blue
Water Garden Apartments, 776 S.W.2d 578, 581 (Tex. 1989):

 We have consistently held with respect to all such methods of
perfecting appeal that the factor which determines whether jurisdiction
has been conferred on the appellate court is not the form or substance
of the bond, certificate or affidavit, but whether the instrument "was
filed in a bona fide attempt to invoke appellate court jurisdiction." United
Ass'n of Journeymen & Apprentices v. Borden, 160 Tex. 203, 328
S.W.2d 739, 741 (1959); accord Woods Exploration & Producing Co. V.
Arkla Equip. Co., 528 S.W.2d 568, 570 (Tex. 1975). 


 Applying this rule to this case, we conclude Gillespie's notice of appeal and
affidavit of indigence was filed in a bona fide attempt to invoke the appellate
jurisdiction of the county court-at-law. We sustain Gillespie's two issues.

 We reverse the order of the county court-at-law and remand this case to that
court for further proceedings consistent with this opinion.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 25th day of May, 2000.

 

1. Justice of the Peace, Precinct 3, Place 1, Nueces County, Texas.
2. See generally Tex. Prop. Code Ann. § 24.007 (Vernon Supp. 2000) ("A final judgment of a
county court in an eviction suit may not be appealed on the issue of possession unless the premises
in question are being used for residential purposes only.").
3. Rule of Civil Procedure 749 states, in relevant part, as follows:


Either party may appeal from a final judgment in [a forcible entry and detainer] case,
to the county court of the county in which the judgment is rendered by filing with the
justice within five days after the judgment is signed, a bond to be approved by said
justice, and payable to the adverse party, conditioned that he will prosecute his appeal
with effect, or pay all costs and damages which may be adjudged against him.


Tex. R. Civ. P. 749.
4. "In computing any period of time prescribed or allowed by these rules, by order of court, or
by any applicable statute, the day of the act, event, or default after which the designated period of
time begins to run is not to be included. The last day of the period so computed is to be included,
unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next
day which is not a Saturday, Sunday or legal holiday." Tex. R. Civ. P. 4.
5. Gillespie argues in her brief that the deadline for her notice of appeal should have been
calculated from August 10th, the day the order was signed. We disagree. Rule 749a states that the
appellant may bring the matter before the county judge within five days after the justice of the peace
disapproves the pauper's affidavit. See Tex. R. Civ. P. 749a. Thus, the time period began to run on
August 7th, when the justice court disapproved the affidavit.