NO. 07-04-0387-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 31, 2004



______________________________




DEHAVEN EYE CLINIC, P.A. AND


DEHAVEN CATARACT SURGERY CENTER, INC. , APPELLANTS



V.



BETTY TURNER AND LARRY TURNER, APPELLEES




_________________________________



FROM THE 7TH DISTRICT COURT OF SMITH COUNTY;



NO. 03-0647-A; HONORABLE KERRY RUSSELL, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER


 Appellants/cross-appellees have filed with this Court an Unopposed Motion for
Referral to Mediation on August 19, 2004. The motion states that all parties and counsel
have agreed to participation in mediation and have also agreed on a mediator and date for
mediation. The Unopposed Motion for Referral to Mediation is this day granted. 

 This appeal is abated pending further order of the Court. The parties hereto are
directed to agree on a place for the mediation, or in the event the parties cannot agree,
then the mediator is directed to select a place. Mediation is to be completed on or before
October 14, 2004, subject to further order of the court, and the mediator is directed to file
with this Court a report indicating when the mediation was completed, the parties
appearing and results of the mediation. 

 Attorneys for the appellants/cross-appellees are directed to submit a written status
report to this Court on or before October 18, 2004. 

 It is so ordered. 


 Per Curiam



and there will be a new trial without the necessity of a costly
appeal," 2) "[i]n either event it doesn't look like a remittittur will be a way to resolve and end
the litigation, but it will get a new trial without the cost of an appeal," 3) "[i]n either event the
appeals court will be able to see in the record what the Trial Judge thinks the case is really
worth," 4) "[i]f you don't grant the Motion for New Trial or sign the remittittur order then my
client will appeal and I estimate that will cost him over $10,000 because, as I mentioned
I don't do appeals," and 5) "[w]e will await your rulings on the New Trial and the Remittittur
to file our formal notice of appeal, believing that by one means or the other, that won't be
necessary." 

 It is beyond doubt that a notice of appeal is a prerequisite to vesting this court with
jurisdiction to review the trial court's judgment. Equally clear is that a notice may take
many forms. And, though a document purporting to be a notice may fail to satisfy all the
elements of a proper notice, see Tex. R. App. P. 25.1(d) (describing those elements), it may
nonetheless be enough. All depends upon whether the instrument depicts a bona fide
attempt to invoke an appellate court's jurisdiction. In re K.A.F., 160 S.W.3d 923, 927 (Tex.
2005); Walker v. Blue Water Garden Apts., 776 S.W.2d 578, 581 (Tex. 1989). If it does,
then we have jurisdiction over the cause. We conclude, however, that Southerland's
January 19th missive falls short of the mark.

 The five items we listed above and obtained from the letter illustrate effort to sway
the trial court to grant a new trial rather than perfect an appeal. Indeed, nowhere therein
does Southerland evince a present intent to appeal. Rather, his desire is conditional at
best, as evinced by the statement that he "await[s]" the trial court's "ruling on the New Trial
and the Remittittur to file our formal notice of appeal, believing that by one means or the
other, that won't be necessary." Nor can we ignore his comment that the "necessity of a
costly appeal" could be avoided if new trial was granted. And, mentioning the cost that
would be incurred if an appeal was taken again is little more than effort to sway the trial
court to act favorably on his pending motion. 

 Simply put, Southerland used the January 19th letter to threaten appeal as a means
of securing relief from the trial court. The document was a trial tactic made to avoid appeal,
not a bona fide attempt to invoke our jurisdiction. And, while some argue to construe the
rules of appellate procedure in a way that effectively nullifies their purpose, we lack the
authority to rewrite jurisdictional requirements imposed by others. See Tex. R. App. P. 2
(stating that the authority of an appellate court to modify the rules of appellate procedure
does not apply to jurisdictional rules). 

 Accordingly, we hold that appellant did not timely file a notice of appeal and dismiss
the cause for want of jurisdiction.

 Brian Quinn

 Chief Justice
1. The appellee denies receiving the letter.