NO. 07-06-0147-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 15, 2006
_____

GARY B. SOUTHERLAND,

Appellant

v.

AMY L. WRIGHT,

Appellee
_____

FROM THE 146TH DISTRICT COURT OF BELL COUNTY;

NO. 195,495-B; HON. RICK MORRIS, PRESIDING
_____

***Order of Dismissal***
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Gary B. Southerland (Southerland) appeals from a final judgment in favor of Amy L. Wright (Wright). We grant appellee's motion to dismiss for lack of jurisdiction.

According to the record, the trial court signed the judgment on November 23, 2005, and Southerland moved for new trial on December 22, 2005. Because of this, his notice of appeal was due on or before February 21, 2006. It was not filed until March 9, 2006, however. No one disputes that the notice was filed after both the 90 days allotted by Texas

Rule of Appellate Procedure 26.1 and the additional 15-day window allowed by Rule 26.3 of the same rules. Yet, to avoid dismissal, Southerland posits that a letter he sent to the trial court on January 19, 2006, constituted a sufficient notice of appeal.[1]

The letter in question concerned Southerland's pending motion for new trial and the possibility of remittittur. Therein he stated, among other things, that 1) "Mr. Scarborough will not accept it [a remittittur] and there will be a new trial without the necessity of a costly appeal," 2) "[i]n either event it doesn't look like a remittittur will be a way to resolve and end the litigation, but it will get a new trial without the cost of an appeal," 3) "[i]n either event the appeals court will be able to see in the record what the Trial Judge thinks the case is really worth," 4) "[i]f you don't grant the Motion for New Trial or sign the remittittur order then my client will appeal and I estimate that will cost him over $10,000 because, as I mentioned I don't do appeals," and 5) "[w]e will await your rulings on the New Trial and the Remittittur to file our formal notice of appeal, believing that by one means or the other, that won't be necessary."

It is beyond doubt that a notice of appeal is a prerequisite to vesting this court with jurisdiction to review the trial court's judgment. Equally clear is that a notice may take many forms. And, though a document purporting to be a notice may fail to satisfy all the elements of a proper notice, *see* TEX. R. APP. P. 25.1(d) (describing those elements), it may nonetheless be enough. All depends upon whether the instrument depicts a *bona fide* attempt to invoke an appellate court's jurisdiction. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *Walker v. Blue Water Garden Apts.*, 776 S.W.2d 578, 581 (Tex. 1989). If it does,

---

[1]The appellee denies receiving the letter.

then we have jurisdiction over the cause. We conclude, however, that Southerland's January 19th missive falls short of the mark.

The five items we listed above and obtained from the letter illustrate effort to sway the trial court to grant a new trial rather than perfect an appeal. Indeed, nowhere therein does Southerland evince a present intent to appeal. Rather, his desire is conditional at best, as evinced by the statement that he "await[s]" the trial court's "ruling on the New Trial and the Remittittur to file our formal notice of appeal, believing that by one means or the other, that won't be necessary." Nor can we ignore his comment that the "necessity of a costly appeal" could be avoided if new trial was granted. And, mentioning the cost that would be incurred if an appeal was taken again is little more than effort to sway the trial court to act favorably on his pending motion.

Simply put, Southerland used the January 19th letter to threaten appeal as a means of securing relief from the trial court. The document was a trial tactic made to avoid appeal, not a *bona fide* attempt to invoke our jurisdiction. And, while some argue to construe the rules of appellate procedure in a way that effectively nullifies their purpose, we lack the authority to rewrite jurisdictional requirements imposed by others. *See* TEX. R. APP. P. 2 (stating that the authority of an appellate court to modify the rules of appellate procedure does not apply to jurisdictional rules).

Accordingly, we hold that appellant did not timely file a notice of appeal and dismiss the cause for want of jurisdiction.

Brian Quinn
Chief Justice

3