# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00481-CV

**Alvie Campbell and Julie Campbell, Appellants**

**v.**

**Wells Fargo Home Mortgage, et. al., Appellees**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 227TH JUDICIAL DISTRICT
NO. 09-636-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

Appellee Wells Fargo Home Mortgage has filed a motion to dismiss, for want of subject-matter jurisdiction, Alvie and Julie Campbell's appeal from an April 6, 2010, district court summary judgment. *See* Tex. R. App. P. 42.3(a). Wells Fargo asserts that we lack jurisdiction because the Campbells did not timely perfect their appeal. We agree with Wells Fargo and must dismiss the Campbells' appeal for want of jurisdiction.

The Campbells did not file their notice of appeal until July 12, 2010, which was the 97th day after the date the district court's judgment was signed. The Campbells did file requests for findings of fact and conclusions of law on April 16, 2010 and June 8, 2010, evidently in the view that doing so extended their deadline to file a notice of appeal until 90 days after the requests were filed. However, the effect of a proper request for findings of fact and conclusions of law is to extend the deadline to file a notice of appeal until 90 days from the date the judgment was signed, not the

date that the findings were requested. *See* Tex. R. App. P. 26.1(a). Furthermore, findings of fact and conclusions of law are not appropriate in an appeal from a summary judgment, as here, and requests for such findings do not extend the appellate deadlines. *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994). Consequently, the Campbells' deadline for filing their notice of appeal was the 30th day after the date the district court judgment was signed. *See* Tex. R. App. P. 26.1.

The Campbells did not file their notice of appeal until long after the 30-day deadline had passed, nor did they file their notice within the 15-day grace extension provided under Rule of Appellate Procedure 26.3. *See Vergburt v. Dorner*, 959 S.W.2d 615, 618 (Tex. 1997). They also did not take any other action that we can construe as a timely, bona fide attempt to invoke this Court's jurisdiction. Although the Campbells' requests for findings of fact and conclusions of law may have evidenced an intent to pursue an appeal in the future, such requests do not in themselves constitute a bona fide attempt to invoke this Court's jurisdiction. *See Warwick Towers Council v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (quoting *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex. 1989)).

In response to Wells Fargo's motion to dismiss, the Campbells assert that we should entertain their appeal because (1) fact issues precluded the district court's grant of summary judgment; (2) dismissal would deny the Campbells the opportunity to challenge whether Wells Fargo owns the debt at issue in the underlying cause; and (3) the Campbells made multiple attempts to obtain findings of fact and conclusions of law. The Campbells' request for findings and conclusions did not, under the circumstances here, extend the appellate deadlines, as we have

explained, and none of their other assertions would impact whether or not this Court has subject-matter jurisdiction over this appeal.

Because the Campbells did not timely perfect their appeal, we must dismiss their appeal for want of subject-matter jurisdiction.[1]

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed:   December 10, 2010

---

[1] Although the Campbells are pro se, we are bound to apply the same procedural and substantive standards to them as with other litigants. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.").