**Opinion filed May 4, 2017**



### In The

# Eleventh Court of Appeals

_____

## No. 11-17-00019-CV

_____

## JIMMY SHERROD, Appellant

## V.

## GARY ROGERS, Appellee

**On Appeal from the County Court**

**Glasscock County, Texas**

**Trial Court Cause No. 23**

### M E M O R A N D U M   O P I N I O N

This is an appeal of an order from the county court of Glasscock County dismissing Jimmy Sherrod's appeal from the justice court's judgment entered against him in his eviction suit against Gary Rogers. The county court dismissed Sherrod's appeal on the basis that he did not file an appeal bond sufficient to invoke the county court's jurisdiction to consider his appeal of the eviction proceeding. In a single issue, Sherrod contends that the county court erred in dismissing his appeal

on the basis that he did not sufficiently invoke the county court's jurisdiction. We reverse and remand.

## Background Facts

Sherrod owns commercial property in Glasscock County. Rogers occupied the commercial property under a lease agreement with Sherrod. Sherrod filed an eviction suit against Rogers in the justice court of Glasscock County seeking to evict Rogers from the commercial property. The justice court entered a "take nothing" final judgment against Sherrod on November 21, 2016. The justice court also awarded Rogers $10,000 for attorney's fees against Sherrod and set the amount of the appeal bond at $10,000.

Relying on Rule 506.1(b) of the Texas Rules of Civil Procedure, Sherrod sent an appeal bond in the amount of $500 on November 28, 2016, to the justice court.[1] *See* TEX. R. CIV. P. 506.1(b). On November 29, 2016, Sherrod sent an amended appeal bond of $10,000. Rogers subsequently filed a motion to dismiss for want of jurisdiction, arguing that the county court lacked jurisdiction because Sherrod did not timely file an appeal bond in the required amount. On January 17, 2017, the county court granted Rogers's motion to dismiss.

## Analysis

We note at the outset that Section 24.007 of the Texas Property Code provides that the final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only. *See* TEX. PROP. CODE ANN. § 24.007 (West Supp. 2016). Although this appeal involves commercial property, this statute does not preclude this appeal because the appeal does not concern the issue of possession but, rather, the jurisdiction of the county court to consider Sherrod's appeal from the justice court.

---

[1]Rule 506.1(b) sets out the general rule for appeal bonds in justice court proceedings. It provides that a plaintiff is required to post an appeal bond in the amount of $500.

Subject-matter jurisdiction is a legal question, which we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). Accordingly, we review a county court's dismissal of an appeal from a justice court under a de novo standard. *Laird v. Benton*, 470 S.W.3d 572, 574 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

"Eviction cases are governed by Rules 500–507 and 510 of Part V of the Rules of Civil Procedure. To the extent of any conflict between Rule 510 and the rest of Part V, Rule 510 applies." TEX. R. CIV. P. 500.3(d). Rule 510.9 provides the requirements and deadlines for filing an appeal bond in an eviction case. *See* TEX. R. CIV. P. 510.9. To perfect an appeal from a justice court to a county court, the appealing party must file an appeal bond or a statement of inability to pay within five days after the judgment of the justice court is signed. *See* TEX. R. CIV. P. 510.9(a), (f).

The parties agree that Sherrod timely filed an appeal bond. However, Sherrod's appeal bond was defective because the justice court set the appeal bond at $10,000 and Sherrod filed an appeal bond of only $500. Sherrod attempted to remedy the defect by filing an appeal bond of $10,000 the following day. The county court did not permit Sherrod to remedy the defective appeal bond and dismissed his appeal for want of jurisdiction after considering Rogers's motion to dismiss.

Sherrod argues that his timely filed, but defective, appeal bond was sufficient to invoke the jurisdiction of the county court. We agree. In *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578 (Tex. 1989), the Texas Supreme Court addressed the sufficiency of a defective appellate instrument in the context of an eviction suit. The court stated:

> We have consistently held with respect to all such methods of perfecting appeal that the factor which determines whether jurisdiction

has been conferred on the appellate court is not the form or substance of the bond, certificate or affidavit, but whether the instrument "was filed in a bona fide attempt to invoke appellate court jurisdiction."

776 S.W.2d at 581 (quoting *United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe Fitting Industry of the U.S. & Canada v. Borden*, 328 S.W.2d 739, 741 (Tex. 1959)); *see Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Paul Warwick, L.P.*, 244 S.W.3d 838 (Tex. 2008).

Rogers contends that the holding in *Walker* is inapplicable because it dealt with a prior set of rules governing eviction suits that was replaced with new rules in 2013. We disagree with Rogers's limited reading of *Walker*. The principle stated in *Walker* reflects a universal position in Texas that a defect in form or substance in filing an appellate instrument does not deprive the appellate court of jurisdiction. The Texas Supreme Court has consistently held that a timely filed document, even if defective, invokes the appellate court's jurisdiction. *See Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010) (citing *Grand Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991)). Furthermore, courts construe appellate procedural rules liberally in order to protect a party's right to appeal. *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997).

Under *Walker*, a defect in the form or substance of an appellate instrument will not deprive the appellate court of jurisdiction so long as it was filed in a bona fide attempt to invoke the appellate court's jurisdiction. *See Watkins v. Debusk*, 286 S.W.3d 58, 61 (Tex. App.—El Paso 2009, no pet.) ("[I]n appealing a forcible entry and detainer case from a justice court . . . the factor which determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the bond, certificate or affidavit, but whether the instrument 'was filed in a *bona fide* attempt to invoke appellate court jurisdiction.'" (quoting *Walker*, 776 S.W.2d at 581)). In this case, Sherrod filed an appeal bond that constituted a bona fide attempt

4

to invoke the county court's jurisdiction. That appeal bond was timely under Rule 510.9(a), the specific rule applicable to eviction appeals; however, it was not for the requisite amount required by Rule 510.9(b). Sherrod corrected this error the next day by filing an appeal bond in the amount of $10,000.

Rogers contends that Texas law does not permit defective appeal bonds to be amended in eviction appeals from justice courts for two reasons: (1) because permitting parties to amend defective appeal bonds in eviction cases would allow county courts to extend appellate deadlines, which they are not allowed to do, and (2) because subsection (g) of Rule 506.1 conflicts with Rule 510.9. We disagree.

Rule 500.5 states: "The judge may, for good cause shown, extend any time period under these rules except those relating to new trial and appeal." TEX. R. CIV. P. 500.5(c). Rogers asserts that this rule prohibits the county court from allowing Sherrod to amend his appeal bond. However, Rule 506.1 specifically requires the county court to provide the appealing party with the opportunity to remedy defects before dismissing his or her appeal. *See* TEX. R. CIV. P. 506.1(g) ("An appeal must not be dismissed for defects or irregularities in procedure, either of form or substance, without allowing the appellant, after 7 days' notice from the court, the opportunity to correct such defect.").

We do not read Rule 506.1(g) to conflict with Rule 510.9 to preclude Sherrod from correcting his appeal bond. Rule 510.9(f) provides that "[a]n appeal is perfected when a bond, cash deposit, or Statement of Inability to Afford Payment of Court Costs is filed in accordance with this rule." TEX. R. CIV. P. 510.9(f). Rule 506.1(h) contains this same provision. *See* TEX. R. CIV. P. 506.1(h). We conclude that Rule 506.1(g) supplements Rule 510.9 by prohibiting the dismissal of appeals without giving the appealing party the opportunity to correct defects. *See* TEX. R. CIV. P. 506.1(g), 510.9. This principle is well established, and courts have recognized that a defective appeal bond may be amended in order to comply with

the rules.  *See Grand Prairie Indep. Sch. Dist.*, 813 S.W.2d at 500; *Rowe v. Watkins*, 340 S.W.3d 860, 863 (Tex. App.—El Paso 2011, no pet.); *Watkins*, 286 S.W.3d at 61 (citing *Walker*, 776 S.W.2d at 581); *Pharis v. Culver*, 677 S.W.2d 168, 170 (Tex. App.—Houston [1st Dist.] 1984, no writ); *Family Inv. Co. of Houston v. Paley*, 356 S.W.2d 353, 355 (Tex. Civ. App.—Houston 1962, writ dism'd).

We conclude that the county court erred in dismissing Sherrod's appeal because he made a bona fide attempt to invoke the county court's jurisdiction by timely filing an appeal bond and because he corrected the defect in the appeal bond within the time frame required by Rule 506.1(g).  We sustain Sherrod's sole issue on appeal.

*This Court's Ruling*

We reverse the county court's judgment, and we remand the cause to the county court for a trial de novo in accordance with Rule 510.10(c) of the Texas Rules of Civil Procedure.

JOHN M. BAILEY
JUSTICE

May 4, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.