**Affirmed and Memorandum Opinion filed January 16, 2025.**



**In The**

# Fifteenth Court of Appeals

---

### NO. 15-24-00015-CV

---

**THE STATE OF TEXAS, Appellant**

**V.**

**HAMID TABDILI, Appellee**

---

**On Appeal from the County Court at Law No. 2
Travis County, Texas
Trial Court Cause No. C-1-CV-23-005199**

---

### MEMORANDUM OPINION

In this interlocutory appeal, appellant the State of Texas appeals the trial court's denial of its plea to the jurisdiction. After a Travis County Justice Court ordered appellee Hamid Tabdili's dog to be humanely euthanized because the dog caused serious bodily injury to a person, Tabdili attempted to appeal to the Travis County Court at Law by filing a civil cash appeal bond (Appeal Bond). The State filed a plea to the jurisdiction in which it alleged the County Court at Law lacked jurisdiction because Tabdili failed to also file a notice of appeal as required by

section 822.0424 of the Health and Safety Code. We hold that Tabdili's cash appeal bond was a bona fide attempt to invoke the appellate jurisdiction of the County Court at Law and affirm the trial court's denial of the plea to the jurisdiction.

## BACKGROUND

The State issued a warrant for the seizure of Tabdili's dog, "Senna," alleging that Senna caused serious bodily injury by attacking and biting a person. *See* Tex. Health & Safety Code § 822.002(a)(1) (justice court has authority, on the sworn complaint of any person, to seize a dog that has caused serious bodily injury to a person by attacking, biting, or mauling a person). The affidavit filed with the justice court stated that Senna caused serious bodily injury requiring a four-day hospital stay and future surgery to repair the dog-inflicted wound to the victim's leg.

After a hearing pursuant to Health and Safety Code section 822.003, the justice court found that Senna "attacked, bit and mauled [the victim] causing serious bodily injury." The justice court further found that the attack, bite, or mauling "was not exempted" under section 822.003(f) of the Health and Safety Code.[1] Based on those findings, on November 3, 2023, the justice court ordered the dog destroyed and set an appeal bond in the amount of $4,000.

On November 7, 2023, Tabdili posted the Appeal Bond in the amount of $4,000 in the justice court. Tabdili acknowledged that he was bound to pay $4,000 to the State on the condition that he "prosecute this appeal to effect," and "pay off and satisfy the judgment, which may be rendered against me on said appeal." The Travis County Clerk subsequently sent notice to the Travis County Attorney and

---

[1] Section 822.003(f) exempts a dog from destruction if the court finds the dog was being used for protection of a person or person's property and the attack, bite, or mauling (A) occurred in an enclosure, which was reasonably certain to prevent the dog from leaving the enclosure on its own and provided notice of the presence of a dog; and (B) the injured person was at least eight years old and was trespassing in the enclosure. Tex. Health & Safety Code § 822.003(f).

2

Tabdili that the county court received the appeal on November 7, 2023; the appeal was approved on November 9, 2023; and the case was transferred to the county clerk's office. Attached to that notice was a document entitled, "Notice of Appeal and Costs."

After the appeal was transferred to the county court, the State filed a plea to the jurisdiction, asserting lack of subject matter jurisdiction because Tabdili failed to file a separate notice of appeal in addition to the Appeal Bond. *See* Tex. Health & Safety Code § 822.0424(b) ("As a condition of perfecting an appeal, not later than the 10th calendar day after the date the decision is issued, the appellant must file a notice of appeal and, if applicable, an appeal bond in the amount determined by the court from which the appeal is taken."). According to the State, the county court lacked jurisdiction because Tabdili filed one document titled "Civil Cash Appeal Bond," but failed to file another document titled "Notice of Appeal." After a hearing, the county court denied the State's plea to the jurisdiction. This appeal followed.[2]

## ANALYSIS

In a single issue on appeal the State argues the county court cannot exercise jurisdiction over this case because Tabdili failed to file a notice of appeal pursuant to section 822.0424(b).

### I.

A party seeking to challenge a justice court judgment exceeding $250, exclusive of costs, may appeal to the county court. Tex. Gov't Code § 26.042(e). Under the circumstances of this case, the county court sits as an appellate court. *Id.*

---

[2] The trial court's order reflects that it held a hearing at which the court "considered the evidence, law and argument of counsel[.]" No record of the hearing has been filed. The State filed a docketing statement in which it noted that no reporter's record was taken.

3

Whether a court has subject matter jurisdiction is a question of law, and accordingly we review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The Supreme Court of Texas has "repeatedly instructed that appeals should be decided on the merits rather than dismissed for a procedural defect, and a failure to comply with procedural formalities need not cause inevitable dismissal." *See State ex rel. Durden v. Shahan*, 658 S.W.3d 300, 304 (Tex. 2022) (citing *Mitschke v. Borromeo*, 645 S.W.3d 251, 260 (Tex. 2022); *In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997)). A timely filed instrument will invoke the appellate court's jurisdiction if it demonstrates a bona fide attempt to do so. *Mitschke*, 645 S.W.3d at 261; *In re J.M.*, 396 S.W.3d at 530. Thus, courts must allow parties a reasonable opportunity to correct a procedural defect before they dismiss an appeal on that ground. *Shahan*, 658 S.W.3d at 304; Tex. R. App. P. 44.3 (The Texas Rules of Appellate Procedure forbid the court from dismissing "an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.").

## II.

The State argues that the trial court erred by denying its plea to the jurisdiction because Health and Safety Code section 822.0424 required Tabdili to file a separate notice of appeal instead of an appeal bond alone in order to invoke the court's appellate jurisdiction.

Tabdili responds that in cases challenging the validity of an instrument filed to invoke appellate jurisdiction, the "primary 'factor which determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the bond, certificate or affidavit, but whether the instrument was filed in a bona fide

4

attempt to invoke appellate court jurisdiction.'" *In re J.M.*, 396 S.W.3d at 530 (quoting *Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008)).

Tabdili further responds that the rules regarding appeals from justice cases generally require only the filing of a bond, payment of a cash bond, or an affidavit of the inability to pay. *See* Tex. R. Civ. P. 506.1 ("A party may appeal a judgment by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs with the justice court within 21 days after the judgment is signed or the motion to reinstate, motion to set aside, or motion for new trial, if any, is denied."). Even assuming *arguendo* that a notice of appeal was required, Tabdili says that the Appeal Bond substantially complies with Texas Rule of Appellate Procedure 25.1(d), which generally requires that the notice: (1) identify the trial court and the style/case number; (2) state the date of the judgment;[3] (3) name the party appealing the judgment; (4) identify the court that will hear the appeal; and (5) name the party filing the notice. Tex. R. App. P. 25.1(d). According to Tabdili, the trial court was required to accept the procedurally deficient notice or afford Tabdili an opportunity to correct his error by filing a notice of appeal. *See Shahan*, 658 S.W.3d at 304.

We agree with Tabdili that the "Civil Cash Appeal Bond" document is a bona fide attempt to invoke appellate jurisdiction. Tabdili timely filed a document entitled "Civil Cash Appeal Bond" in which he identified the court and cause number; recounted that an adverse judgment had been rendered; stated that he intended to "prosecute this appeal;" and that he was depositing $4,000 with the justice court as a promise to pay the adverse judgment should the appeal be rendered against him.

---

[3] Although the document does not contain the date of the judgment, it is undisputed that there was only one final judgment rendered by the justice court.

This document contained many of the requirements set out in Rule 25.1(d), and the Travis County Clerk subsequently recognized that an "appeal to County Court" had been filed. Because the trial court denied the State's plea to the jurisdiction, we imply that the court accepted the procedurally deficient notice rather than afford Tabdili an opportunity to amend. Consequently, we heed the Texas Supreme Court's repeated instruction that a failure to comply with procedural formalities need not cause inevitable dismissal because Tabdili's filing of an Appeal Bond was a bona fide attempt to appeal the justice court's decision. *See Shahan*, 658 S.W.3d at 304. Indeed, the Supreme Court of Texas has applied these principles in appeals from the justice court to the county court. *See Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex. 1989). In *Walker*, the supreme court held that in the appeal of a forcible entry and detainer case from a justice court, the factor that determined whether jurisdiction was conferred in the appellate court was not the form or substance of the bond, certificate, or affidavit, but rather whether the instrument was a bona fide attempt to invoke appellate court jurisdiction. *Id.*

The State, however, argues that we cannot construe the Civil Cash Appeal Bond as a notice of appeal because Health and Safety Code section 822.0424 requires two separate documents. That section states that "as a condition of perfecting an appeal, not later than the 10th calendar day after the date the decision is issued, the appellant must file a notice of appeal and, if applicable, an appeal bond in the amount determined by the court from which the appeal is taken." Tex. Health & Safety Code § 822.0424(b).

The State, recognizing that no court has construed Health and Safety Code section 822.0424, relies on another court's construction of section 821.025(b), which addresses an appeal from a case involving disposition of cruelly treated animals. The State is correct that section 821.025(b) contains language similar to that found in

section 822.0424. *See* Tex. Health & Safety Code § 821.025(b) (requiring notice of appeal and cash or surety bond as condition of perfecting appeal). The State cites dicta from *In re Dickey* to support its position that section 822.0424 requires the filing of two documents as a condition of appeal: a notice of appeal and a cash bond. *See In re Dickey,* No. 14-13-00679-CV, 2013 WL 4081003, at \*2 (Tex. App.— Houston [14th Dist.] Aug. 13, 2013, orig. proceeding) (mem. op.).

But the court in *Dickey* did not hold that section 821.025 required two separate documents. *Id.* at \*1–2. Rather, the question before that court was whether the justice court had jurisdiction to order the seizure of an animal. The Fourteenth Court of Appeals concluded that the Health and Safety Code granted the justice court jurisdiction to order seizure of an animal in certain situations. *Id.* at \*2. Therefore, the county court had appellate jurisdiction over the justice court's decision. In denying mandamus relief, the court noted relator had filed a notice of appeal and that, "[a]s long as relator timely filed a cash or surety bond, as required by statute as a condition to perfect an appeal, the county court had jurisdiction." *Id.*

The State argues that the decision in *Dickey* requires Tabdili to file two different documents—a notice of appeal *and* a cash bond—as a condition of an appeal under section 822.0424. We are not bound by *Dickey*, but we do not read *Dickey* as recognizing any two-document requirement with respect to section 821.025(b). Regardless, in this case, the substance of both a notice of appeal and a cash bond was contained in the same document. Nothing in Section 822.0424 precludes the same document from serving both purposes.

The State further argues that the Health and Safety Code's specific appeal provision in section 822.0424 governs over the more general rule for appeals from justice court. *See* Tex. R. Civ. P. 506.1. As stated above, section 822.0424 requires that as a condition of perfecting an appeal, the appellant must file a notice of appeal

and, if applicable, an appeal bond not later than the 10th calendar day after the date the decision issued. Tex. Health & Safety Code § 822.0424(b). The Rules of Civil Procedure provide that a party may appeal a judgment from the justice court to the county court simply "by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs with the justice court within 21 days after the judgment is signed or the [post-trial motion], if any, is denied." Tex. R. Civ. P. 506.1.

The State argues that because section 822.0424 is more specific—applying only to judgments involving dangerous dogs—that its appeal provisions should control over the more general rule in the Rules of Civil Procedure. *See* Tex. Gov't Code § 311.026. The Code Construction Act provides:

> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.
>
> (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

Tex. Gov't Code § 311.026.

We disagree with the State's invocation of the Code Construction Act because, in this context, section 822.0424 and Rule 506.1 are not in conflict. There is no question that section 822.0424 applies to Tabdili's appeal of the justice court's decision. Applying the Texas Supreme Court's admonition to permit a bona fide attempt to file an appeal does not create a conflict with Rule 506.1. Here, Tabdili's Appeal Bond document contained enough information to be construed as a notice of appeal when we heed the Texas Supreme Court's instructions regarding bona fide attempts to invoke appellate jurisdiction. *Shahan*, 658 S.W.3d at 305. Nothing in section 822.0424 requires separate documents for a notice of appeal and a cash bond.

Consequently, the trial court did not err in denying the State's plea to the jurisdiction.[4]

## CONCLUSION

We overrule the State's sole issue on appeal and affirm the trial court's order denying the plea to the jurisdiction.

/s/ April Farris
April Farris
Justice

Before Chief Justice Brister and Justices Field and Farris.

---

[4] Tabdili alleges in his brief that this appeal is moot because the parties entered into an agreement to settle the issues presented in this case. The agreement reflects that it was an agreement to preserve the parties' rights while the appeal was pending. We denied Tabdili's motion to dismiss the appeal and need not revisit the issue in this opinion.