**Frank BUFKIN, d/b/a Southern Egg Ranch, Appellant,**

v.

**TEXAS FARM BUREAU INSURANCE CO., Appellee.**

No. 12–82–0008–CV.

Court of Appeals of Texas, Tyler.

Jan. 28, 1982.

Kenneth J. Walker, Ewing Adams, Adams & Sheppard, Longview, for appellant.

Mike Patterson, Grainger & Patterson, Tyler, for appellee.

PER CURIAM.

Appellant's motion for rehearing is granted. Our opinion delivered January 7, 1982, is withdrawn.

Appellant appeals from a judgment signed by the trial court on September 10, 1981. A motion for new trial was timely filed, thereby extending appellant's time to perfect its appeal until December 9, 1981. Rule 356, Tex.R.Civ.P.

On December 3, 1981, the district clerk received from appellant its bond for costs on appeal accompanied by a letter of transmittal. The letter was marked "Filed" on that date. The bond itself was not "filed" until December 10, 1981, the day the district judge approved the bond. Ordinarily, the judge is not required to approve an appeal bond unless an attorney is seeking to be the surety on it. See Rule 142. We discern from the transcript that the bond in this case was sent to the trial judge in order to comply with Rule 142.

The problem that arises from the appeal bond being "filed" on December 10, 1981, is that bond would appear to be one day late. However, we construe Rule 356 as only requiring the bond to be filed with the district clerk. Therefore, when the district clerk received the transmittal letter and the bond on December 3, 1981, she should have marked both as being filed on that day. There was no need to wait until the trial court approved the bond before filing it.

According to *Glidden Co. v. Aetna*, 155 Tex. 591, 291 S.W.2d 315 (Tex.1956), an appeal bond is deemed to have been filed when it is delivered into the custody of the proper official, to be kept by him or her among the papers in the office subject to such inspection by interested parties as may be permitted by law, 291 S.W.2d at 318. The proper official in this case is the district clerk. Based on the above authority and our interpretation of the Texas Rules of Civil Procedure, we find and hold that appellant's appeal was perfected on December 3, 1981.

Considering our decision in this matter, we withdraw our previous order dismissing

appellant's motion for extension of time to file transcript and statement of facts. Appellant's motion for extension of time is hereby granted. On our own motion, we grant appellant an extension of time to file his brief. Appellant's brief will be due in this court on or before February 27, 1982.