George PHARIS, Relator,

v.

Honorable Thomas R. CULVER, III, Respondent.

No. 01–84–0367–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 16, 1984.

John Woodard, Houston, for relator.

Joseph D. Libby, Houston, for respondent.

Before COHEN, JACK SMITH and BASS, JJ.

OPINION

COHEN, Justice.

Relator, George Pharis, seeks a writ of mandamus compelling the judge of the Fort Bend County Court at Law, the Honorable Thomas R. Culver, III, to dismiss an appeal from a judgment in a forcible entry and detainer suit filed in his court. The writ is denied.

On March 30, 1984, the Honorable Gary Fredrickson, presiding as a visiting judge in the Justice of the Peace Court, Fort Bend County, Precinct One, signed the judgment for relator in his forcible entry and detainer suit against John Baugh. The next day, after Judge Fredrickson had approved an appeal bond, it was taken to the district attorney's office. This bond, labeled "Appeal Bond," was actually a criminal misdemeanor appeal bond, which states in part: "John Baugh, who has been convicted of a misdemeanor ... shall appear before ...". The bond eventually was sent to the county clerk's office on April 6, 1984, but it was not filed. On April 9, 1984, Judge Fredrickson issued a writ of restitution based on the judgment, but it was not served because of the pendency of the appeal. The bond finally was filed in the court records of the Justice Court, Precinct One, on April 16, 1984. Relator then filed in County Court a motion to dismiss for want of jurisdiction, which was denied on May 16, 1984. Judge Culver, presiding in the county court, ordered the bond amend-ed; the properly amended bond was filed on May 17, 1984. This court granted leave to file the petition for writ of mandamus on June 13, 1984.

Relator first contends that the County Court At Law does not have jurisdiction, because the justice appeal bond was not timely filed. Two questions are involved in this issue. The first is whether tendering the bond to Judge Fredrickson for approval amounted to filing with the justice court. The second question is whether Judge Fredrickson, acting as a visiting presiding judge, had the power to approve the bond.

Judge Fredrickson testified at the hearing on the motion to dismiss that he accepted the bond and presumed the bond would be taken to the proper office so that the transcript could be sent to the county court.

■ The requirements for filing the appeal bond are found in Tex.R.Civ.P. 749:

Either party may appeal from a final judgment in such case [forcible entry and detainer] to the county court of the county in which the judgment is rendered by filing with the justice within five days after the judgment is signed, a bond to be approved by said justice, and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him.

"Filing with the justice" has been interpreted to mean that documents can be filed by handing them to the justice. *Tisdale v. F. Hannes & Co.*, 278 S.W. 324 (Tex.Civ.App.—Austin 1925, no writ); *Brooks v. Acker*, 60 S.W. 800 (Tex.Civ.App.1901, no writ). Thus, the appeal bond was filed with Judge Fredrickson.

■ We note that even though the appeal bond was marked filed on April 16, that date is not controlling because the record indicates the actual filing date was different. *Bufkin v. Texas Farm Bureau Insurance Co.*, 627 S.W.2d 828 (Tex.Civ. App.—Tyler 1982, no writ). The appeal bond was filed with Judge Fredrickson

within the five days allowed for filing the bond under Tex.R.Civ.P. 749.

We further conclude that Judge Fredrickson, in his capacity as a visiting judge, had the necessary authority to approve the bond. Judge Fredrickson had been assigned as visiting presiding judge because the Precinct One judge had recused herself. Judge Fredrickson set the amount of bond after hearing the evidence and after being notified orally by defense counsel that he intended to perfect an appeal. The record reflects that the judge fully understood all the facts about the bond and understood that the bond was for the case that he had heard the day before, March 30, 1984. Justices of the Peace are authorized to hold court for one another. Tex.Rev.Civ.Stat.Ann. art. 2393a (Vernon 1971). Judge Fredrickson had the authority to act for Judge Ward, including the power to approve the appeal bond. Accordingly, we hold that the appeal bond was properly filed when tendered to Judge Fredrickson.

Relator also complains that the bond does not substantially comply with the requirements of a forcible entry and detainer appeal bond. A suggested form is set forth in Tex.R.Civ.P. 750. While the form is not mandatory, the bond must substantially comply with Rule 750. *Ringgold v. Graham,* 13 S.W.2d 355 (Tex.Comm'n. App.1929, judgm't adopted). The misdemeanor appeal bond originally filed herein does not substantially comply with the form of a forcible entry and detainer bond. However, an appeal bond may be amended. Judge Culver invoked Rule 430 in allowing John Baugh to amend the bond. Although Rule 430 concerns appeals to courts of appeal in civil cases, it has been construed as permitting amendment of appeal bonds in forcible entry cases on appeal to the county court. *Family Investment Co. of Houston v. Paley,* 356 S.W.2d 353 (Tex.Civ. App.—Houston 1962, writ dism'd). Effective April 1, 1984, Rule 430 was repealed

and its provisions were incorporated into the new Tex.R.Civ.P. 363a. Thus, the new Rule 363a applies. *Cavitt v. Jetton's Greenway Plaza Cafeteria,* 563 S.W.2d 319 (Tex.Civ.App.—Houston [1st] 1978, no writ). The power to amend the appeal bond in this case would be the same under either rule.

The power of the court to amend an appeal bond is exceedingly broad. In *Woods Exploration and Producing Company, Inc. v. Arkla Equipment Co.,* 528 S.W.2d 568 (Tex.1975), the court allowed amendments in the clerk's certificate, which is a cash deposit substituting for an appeal bond. In allowing the amendment, the court commented on the purpose of Rule 430:

> Rule 430, T.R.C.P., provides that when there is a defect of substance or form in an appeal or writ of error bond, then on motion to dismiss for such defect the appellate court may allow the same to be amended by filing a new bond. This rule is liberally construed and applied to carry out its intended purpose. *If the appellant files any sort of instrument that is intended to be a bond and to invoke appellate jurisdiction, the instrument may, on timely request, be amended to cure any defect of either form or substance.* (emphasis added).

528 S.W.2d at 570. Under the broad language of this case, we hold that the county court sitting as the appellate court had the authority to order the appeal bond amended.

Since the bond was properly filed and properly amended, the appeal was perfected within the time limitations and the county court has jurisdiction to hear the case on its merits. Accordingly, relator's petition to compel Judge Culver to dismiss the appeal is denied.[1]

---

1. Although not relevant to our disposition of this case, we note that the judgment from the justice court reads "that the Plaintiff, John Baugh and all OCC., have all the remedy prayed for ...". George Pharis was the plaintiff; Baugh was the defendant.