

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-357-CV

JESSE F. REECE, SR.                                                    APPELLANT

V.

FOUNTAINGATE APARTMENTS                                          APPELLEE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In this forcible entry and detainer proceeding, Appellant Jesse F. Reece, Sr., pro se, appeals the district court's order dismissing for want of jurisdiction his appeal from the justice court. We likewise dismiss for want of jurisdiction.

---

[1] *See* TEX. R. APP. P. 47.4.

**Background**

On May 15, 2007, Appellee Fountaingate Apartments instituted eviction proceedings against Reece, its tenant, in a justice court in Wichita County. On May 29, 2007, after a hearing on the merits, the justice court rendered judgment granting Fountaingate possession of the premises in question and unpaid rent of $151.57.

On June 4, Reece filed a declaration of inability to pay costs under rule of civil procedure 749(a). *See* TEX. R. CIV. P. 749(a). Fountaingate filed an objection to Reece's declaration. On June 11, after a hearing on the merits, the justice court disapproved Reece's declaration of inability to pay costs and ordered him to deposit with the court a cash bond or surety bond payable to Fountaingate in the amount of $948 and to pay a transcript fee of $10. Reece appealed the justice court's order to the county court, and after another hearing on the merits, the county court also disapproved his affidavit of inability to pay costs on July 2.

Reece filed an appeal bond on July 6, but the purported bond was not approved by the justice court as required by rule 749 and was signed only by Reece, not any surety. *See* TEX. R. CIV. P. 749. His appeal was filed in the 89th District Court of Wichita County. Reece filed a purported oath of surety on July 13, in which he listed himself as his own surety.

2

Fountaingate filed a motion to dismiss the appeal because Reece's defective appeal bond failed to confer jurisdiction on the district court. The district court dismissed the appeal on September 7. Reece perfected an appeal to this court on October 4.

**Discussion**

In his first issue, Reece argues that "[t]he circumstantial evidence is factually insufficient" to support the district court's dismissal of his appeal. Rule 749 provides that a party may appeal a justice court judgment in a forcible entry and detainer case by filing with the justice, within five days after the judgment is signed, a bond to be approved by said justice and payable to the adverse party. TEX. R. CIV. P. 749. Rule 750 sets out the form for the appeal bond authorized by rule 749, and the form calls for execution of the bond by the principal and a surety. TEX. R. CIV. P. 750. A bond filed under rule 749 must substantially comply with the form set out in rule 750. *Pharis v. Culver*, 677 S.W.2d 168, 170 (Tex. App.—Houston [1st Dist.] 1984, no writ). The failure to timely file a bond in accordance with rule 749 deprives the reviewing court of jurisdiction. *Wetsel v. Fort Worth Brake, Clutch & Equip. Inc.*, 780 S.W.2d 952, 953–54 (Tex. App.—Fort Worth 1989, no writ).

Reeces's purported appeal bond did not list any surety and was not executed by a surety as required by rule 750. In his "oath of surety," he listed

3

himself as the purported surety. To allow a judgment debtor to serve as his own surety would defeat the purpose of an appeal bond, which is to guarantee the payment of judgment damages, costs, and attorney's fees in the event of an unsuccessful appeal by the judgment debtor. *See* TEX. R. CIV. P. 752. The undisputed record shows that Reece failed to file a bond that substantially met the requirements of rule 750; therefore, the evidence was factually sufficient to support the district court's dismissal of his appeal.

In the latter part of his first issue and in his second issue, Reece argues that when an appeal bond is defective, the court should allow the bond to be amended rather than dismiss the appeal. In *Pharis*, the first court of appeals, citing former rules of procedure 430 and 363a,[2] held that a county court *may* permit a party to amend a defective bond *upon a timely request*. 677 S.W.2d at 170 (quoting *Woods Exploration & Producing Co. v. Arkla Equip. Co.*, 528 S.W.2d 568, 570 (Tex. 1975)). Reece made no such request in the district court.

Moreover, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context

---

[2] Former rules 430 and 363a concerned appeal bonds in civil appeals, a subject now covered by rule of appellate procedure 24. TEX. R. APP. P. 24.

of the request, objection, or motion. TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). Again, Reece did not request an opportunity to amend the defective bond in the trial court; thus, he waived his complaint concerning the trial court's refusal to allow him to do so. *See* TEX. R. APP. P. 33.1(a). We overrule his first and second issues.

The gravamen of Reece's third issue is unclear, but he appears to argue that he should be allowed to serve as his own surety. For the reasons stated above, we overrule his third issue.

In his fourth issue, Reece apparently argues that the justice court erred by issuing a writ of possession after the district court dismissed his appeal. Part of this argument relates back to his first through third issues; essentially, Reece argues that the justice court erred by issuing a writ of possession because his bond was sufficient to perfect an appeal to the district court and supercede the justice court's judgment. Having overruled his first through third issues, we likewise overrule this part of his fourth issue for the same reasons.

In the remainder of his fourth issue, he apparently argues that the writ of possession violated rule 755 because the subject premises were his principal residence. Rule 755 provides that a writ of possession shall not be suspended

5

or superceded by an appeal from the justice court's judgment unless the premises in question are being used as the principal residence of a party. TEX. R. CIV. P. 755. Because Reece's defective bond did not perfect his appeal under rule 749, he was not entitled to suspension of the justice court's judgment under rule 755. *See id.* Therefore, we overrule the remainder of his fourth issue.

## Conclusion

Having overruled all of Reece's issues, we dismiss his appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We deny Fountaingate's "Motion to Dismiss for Failure to Prosecute" and its "Objection to Inclusion of Matters Outside the Record in Appeal."


ANNE GARDNER
JUSTICE

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  August 26, 2008

6