COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-357-CV

 

 

JESSE F. REECE, SR.                                                           APPELLANT

 

                                                   V.

 

FOUNTAINGATE APARTMENTS                                                APPELLEE

 

                                              ------------

 

             FROM THE
89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In this forcible entry and detainer proceeding,
Appellant Jesse F. Reece, Sr., pro se, appeals the district court=s order
dismissing for want of jurisdiction his appeal from the justice court.  We likewise dismiss for want of jurisdiction.








                                            Background

On May 15, 2007, Appellee Fountaingate Apartments
instituted eviction proceedings against Reece, its tenant, in a justice court
in Wichita County.  On May 29, 2007,
after a hearing on the merits, the justice court rendered judgment granting
Fountaingate possession of the premises in question and unpaid rent of $151.57.


On June 4, Reece filed a declaration of inability
to pay costs under rule of civil procedure 749(a).  See Tex.
R. Civ. P. 749(a).  Fountaingate
filed an objection to Reece=s
declaration.  On June 11, after a hearing
on the merits, the justice court disapproved Reece=s
declaration of inability to pay costs and ordered him to deposit with the court
a cash bond or surety bond payable to Fountaingate in the amount of $948 and to
pay a transcript fee of $10.  Reece
appealed the justice court=s order
to the county court, and after another hearing on the merits, the county court
also disapproved his affidavit of inability to pay costs on July 2. 

Reece filed an appeal bond on July 6, but the
purported bond was not approved by the justice court as required by rule 749
and was signed only by Reece, not any surety. 
See Tex. R. Civ. P.
749.  His appeal was filed in the 89th
District Court of Wichita County.  Reece
filed a purported oath of surety on July 13, in which he listed himself as his
own surety. 








Fountaingate filed a motion to dismiss the appeal
because Reece=s defective appeal bond failed
to confer jurisdiction on the district court. 
The district court dismissed the appeal on September 7.  Reece perfected an appeal to this court on October
4. 

                                             Discussion

In his first issue, Reece argues that A[t]he
circumstantial evidence is factually insufficient@ to
support the district court=s
dismissal of his appeal.  Rule 749
provides that a party may appeal a justice court judgment in a forcible entry
and detainer case by filing with the justice, within five days after the
judgment is signed, a bond to be approved by said justice and payable to the
adverse party.  Tex. R. Civ. P. 749. 
Rule 750 sets out the form for the appeal bond authorized by rule 749,
and the form calls for execution of the bond by the principal and a
surety.  Tex. R. Civ. P. 750.  A
bond filed under rule 749 must substantially comply with the form set out in
rule 750.  Pharis v. Culver, 677
S.W.2d 168, 170 (Tex. App.CHouston
[1st Dist.] 1984, no writ).  The failure
to timely file a bond in accordance with rule 749 deprives the reviewing court
of jurisdiction.  Wetsel v. Fort Worth
Brake, Clutch & Equip. Inc., 780 S.W.2d 952, 953B54 (Tex.
App.CFort
Worth 1989, no writ).








Reeces=s
purported appeal bond did not list any surety and was not executed by a surety
as required by rule 750.  In his Aoath of
surety,@ he
listed himself as the purported surety. 
To allow a judgment debtor to serve as his own surety would defeat the
purpose of an appeal bond, which is to guarantee the payment of judgment
damages, costs, and attorney=s fees
in the event of an unsuccessful appeal by the judgment debtor.  See Tex.
R. Civ. P. 752.  The undisputed
record shows that Reece failed to file a bond that substantially met the
requirements of rule 750; therefore, the evidence was factually sufficient to
support the district court=s
dismissal of his appeal.

In the latter part of his first issue and in his
second issue, Reece argues that when an appeal bond is defective, the court
should allow the bond to be amended rather than dismiss the appeal.  In Pharis, the first court of appeals,
citing former rules of procedure 430 and 363a,[2]
held that a county court may permit a party to amend a defective bond upon
a timely request.  677 S.W.2d at 170
(quoting Woods Exploration & Producing Co. v. Arkla Equip. Co., 528
S.W.2d 568, 570 (Tex. 1975)).  Reece made
no such request in the district court.








Moreover, to preserve a complaint for our review,
a party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling, if they are not
apparent from the context of the request, objection, or motion.  Tex.
R. App. P. 33.1(a); see also Tex.
R. Evid. 103(a)(1).  If a party
fails to do this, error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh=g).  Again, Reece did not request an opportunity to
amend the defective bond in the trial court; thus, he waived his complaint
concerning the trial court=s
refusal to allow him to do so.  See Tex. R. App. P. 33.1(a).  We overrule his first and second issues.

The gravamen of Reece=s third
issue is unclear, but he appears to argue that he should be allowed to serve as
his own surety.  For the reasons stated
above, we overrule his third issue.

In his fourth issue, Reece apparently argues that
the justice court erred by issuing a writ of possession after the district
court dismissed his appeal.  Part of this
argument relates back to his first through third issues; essentially, Reece
argues that the justice court erred by issuing a writ of possession because his
bond was sufficient to perfect an appeal to the district court and supercede
the justice court=s judgment.  Having overruled his first through third
issues, we likewise overrule this part of his fourth issue for the same
reasons.








In the remainder of his fourth issue, he
apparently argues that the writ of possession violated rule 755 because the
subject premises were his principal residence. 
Rule 755 provides that a writ of possession shall not be suspended or
superceded by an appeal from the justice court=s
judgment unless the premises in question are being used as the principal
residence of a party.  Tex. R. Civ. P. 755.  Because Reece=s
defective bond did not perfect his appeal under rule 749, he was not entitled
to suspension of the justice court=s
judgment under rule 755.  See id.  Therefore, we overrule the remainder of his
fourth issue.

                                             Conclusion

Having overruled all of Reece=s
issues, we dismiss his appeal for want of jurisdiction.  See Tex.
R. App. P. 43.2(f).  We deny
Fountaingate=s AMotion
to Dismiss for Failure to Prosecute@ and its
AObjection
to Inclusion of Matters Outside the Record in Appeal.@

 

 

ANNE
GARDNER

JUSTICE

 

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DELIVERED:  August 26, 2008











[1]See Tex. R. App. P. 47.4.





[2]Former rules 430 and 363a concerned appeal bonds in
civil appeals, a subject now covered by rule of appellate procedure 24.  Tex.
R. App. P. 24.