WOODS EXPLORATION AND
PRODUCING COMPANY,
INC., et al., Appellants,

v.

ARKLA EQUIPMENT COMPANY,
Appellee.

No. 1062.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Dec. 4, 1974.

Rehearing Denied Feb. 12, 1975.

Writ of Error Granted May 7, 1975.

Morris L. Pepper, Houston, for appellants.

Maynard A. Powell, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

COULSON, Justice.

This is a summary judgment case.

Appellee, Arkla Equipment Company brought suit on notes executed by Woods Exploration and Producing Company and Eastern Pipe Line Company as principals, with Stanley C. Woods as partial guarantor. In answer, the defendants pled the statute of limitations and made a general denial. Appellee moved for summary judgment under Texas Rules of Civil Procedure, rule 166–A, supporting its motion with an affidavit made by C. L. Eldred and attached copies of the notes and guarantee. The defendants filed no objections or contravening affidavits. The trial court entered a summary judgment against all three defendants. The summary judgment is final against Woods Exploration and Producing Company and Eastern Pipe Line Company since only Stanley C. Woods has perfected an appeal.

The first point of error assigned by the appellant challenges the sufficiency of the affidavit relied upon by the trial court in granting the summary judgment. The affiant, C. L. Eldred, does not state his relationship to the appellee corporation, nor does he establish a basis for his knowledge of the events leading to this lawsuit. He states that he does have personal knowledge of every statement made and that he is fully competent to testify to all matters stated. The appellant contends that the affidavit is insufficient because it does not show affirmatively that the statements were made on the personal knowledge of the affiant or that he was competent to testify to the matters stated. Appellant argues that the affiant's naked statements asserting knowledge and competency are conclusory in nature and that the case comes under the rule of Box v. Bates, 346 S.W.2d 317 (Tex.Sup.1961). There the Supreme Court held that when factual statements made in affidavits were obviously based on hearsay, they would be insufficient to support a summary judgment.

In Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 234 (Tex.Sup.1963),

the Supreme Court distinguished the Bates decision and held that objections which were purely formal "may not be raised for the first time on appeal when it fairly appears from the record that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." This case falls into the category described in Youngstown Sheet and Tube Co., *supra.*

■ The defects complained of in this case are formal rather than substantive. If the appellant had serious questions about the veracity of the affiant he should have raised those objections immediately to enable the trial court to consider them when it ruled on the motion for summary judgment. Maberry v. Julian, 479 S.W.2d 770 (Tex.Civ. App.—Dallas 1972, writ ref'd n. r. e.); Hall v. Fowler, 389 S.W.2d 730, 733 (Tex.Civ. App.—Dallas 1965, no writ). Box v. Bates, *supra,* applies in those cases where the factual statements made in the affidavit are obviously based upon hearsay or where the statements are conclusions of law rather than factual in nature. The objection here is that no proper foundation for the statements was made rather than that the statements themselves were incompetent as evidence. Nor does Hidalgo v. Surety Savings and Loan Association, 487 S.W.2d 702 (Tex. Sup.1972) apply in the case before this Court. In Hidalgo the affidavit was deficient because the affiant merely asserted that "valuable consideration" had passed in a transaction aimed at establishing Surety Savings and Loan Association as a holder in due course. The Supreme Court required that the affidavit be more specific as to the details of that transaction and less conclusory. The defect was in the substance of the statements relied on by the movant to establish its position as a matter of law. The information contained in the affidavit in the case before this Court is not conclusory nor is it obviously hearsay.

The second half of the test set out in Youngstown Sheet & Tube, *supra,* requires that the record show that there are no genuine issues as to any material fact. That requirement is met in this case. The appellant did not affirmatively plead that the obligations had been satisfied through payment or accord and satisfaction as is required by Tex.R.Civ.P. 94. Nor did he deny through verified pleadings that he executed the notes and guarantee sued on as required by Tex.R.Civ.P. 93(h). The only affirmative defense raised by the appellant was the statute of limitations. That defense was shown to be invalid by the information contained on the face of the notes. The affidavit of Eldred was sufficient to show that the obligations were due and that the appellee was the owner and holder of the notes. There being no genuine issue of fact, the trial court properly granted the summary judgment on the notes and guarantee.

■ The appellant's second objection to the summary judgment is that a question of fact existed on the issue of attorney's fees. The notes in question provide that upon default, the makers and their guarantor would be liable for reasonable attorney's fees "not to exceed ten percent of the amount then owing" on the notes.

The appellant's objection is well taken. The notes do not by contract give the appellee attorney's fees of ten percent. A question of fact exists on the reasonableness of the attorney's fees. Himes v. American Home Fence Co., 379 S.W.2d 290 (Tex.Sup. 1964); Stanley, Harris, Rice & Associates v. Lewis, 410 S.W.2d 533 (Tex.Civ.App.—Dallas 1966, no writ); Duncan v. Butterowe, Inc., 474 S.W.2d 619 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ).

The question of reasonable attorney's fees is severed and is remanded for trial, but only as to Stanley C. Woods. The summary judgment is in all other provisions affirmed.

Affirmed in part, and reversed and re-manded in part.

CURTISS BROWN, J., not participating.