WOODS EXPLORATION AND
PRODUCING COMPANY,
INC., et al., Petitioners,

v.

ARKLA EQUIPMENT COMPANY,
Respondent.

No. B–5160.

Supreme Court of Texas.

July 23, 1975.

Morris L. Pepper, Houston, for petitioners.

Butler, Binion, Rice, Cook & Knapp, Maynard A. Powell, Houston, for respondent.

WALKER, Justice.

On the principal question to be decided here, we hold that the clerk's certificate showing that a deposit has been made in lieu of an appeal bond may, when warranted by the facts, be amended to show that the deposit was made for the benefit of parties not named in the original certificate.

The suit was brought by Arkla Equipment Company against Woods Exploration and Producing Company, Inc. (Exploration), Eastern Pipeline Company (Eastern), and Stanley C. Woods to recover on two promissory notes executed by Exploration and Eastern and partially guaranteed by Stanley C. Woods. The trial court rendered summary judgment in favor of plaintiff against Exploration and Eastern for the unpaid principal, interest and attorney's fees on the notes and against Stanley C. Woods in accordance with his partial guaranty. The Court of Civil Appeals concluded: (1) that neither Exploration nor Eastern had appealed, (2) that there is a question of fact with respect to attorney's fees, and (3) that there is no merit in the other attacks made on the summary judgment. The claim for attorney's fees against Stanley C. Woods was severed, and as to that part of the case the judgment of the trial court was reversed and the cause was remanded for trial. As to the remainder of the case, the judgment of the trial court was affirmed. 525 S.W.2d 50.

All three defendants gave timely notice of appeal. Some three weeks after the judgment was rendered, counsel for all defendants deposited with the district clerk in lieu of an appeal bond a cashier's check for $250.00 furnished by Stanley C. Woods. Neither the check nor the letter of transmittal identified the parties making the deposit, but the check evidently indicated that it had been purchased by Stanley C. Woods. In accordance with the provisions of Rule 354,[1] the clerk issued and filed among the papers in the case his certificate showing that the deposit had been made. The certificate, which was included in the transcript, states that the deposit was made by Stanley C. Woods and contains no reference to either of the other defendants. With the record in this condition, the Court of Civil Appeals properly concluded that only Stanley C. Woods had perfected an appeal.

On motion for rehearing in the Court of Civil Appeals, defendants filed the affidavit of Stanley C. Woods stating that the deposit was made for the benefit, and to perfect the appeal, of all three defendants. The affidavit further states that Stanley C. Woods is the President of both Exploration and Eastern, but nothing was filed by the two corporate defendants in either the trial court or the Court of Civil Appeals to confirm that the deposit was made to perfect their appeal and to cover costs incurred by them. The motion for rehearing was overruled.

1. Texas Rules of Civil Procedure.

**570**

Defendants have now filed with the clerk of our Court, in response to a suggestion made during oral argument here, a certified copy of an amended certificate of the district clerk showing that a cash deposit of $250.00 has been made by Exploration, Eastern and Stanley C. Woods. The amended certificate is dated July 11, 1975, more than a year after rendition of the summary judgment.

■ Rule 430, T.R.C.P., provides that when there is a defect of substance or form in an appeal or writ of error bond, then on motion to dismiss for such defect the appellate court may allow the same to be amended by filing a new bond. This rule is liberally construed and applied to carry out its intended purpose. If the appellant files any sort of instrument that is intended to be a bond and to invoke appellate jurisdiction, the instrument may, on timely request, be amended to cure any defect of either form or substance. See *United Ass'n of Journeymen, etc. v. Borden,* 160 Tex. 203, 328 S.W.2d 739; *Grogan Mfg. Co. v. Lane,* 140 Tex. 507, 169 S.W.2d 141. A bond filed for the purpose of perfecting an appeal may be amended even though it is not signed by the party appealing and does not show his name as principal. *Owen v. Brown,* Tex. Sup., 447 S.W.2d 883.

■ Although the Rules of Civil Procedure do not expressly provide for amendment of the clerk's certificate showing that a cash deposit has been made in lieu of an appeal bond, it is our opinion that a party who makes a deposit for the purpose of invoking appellate jurisdiction should be entitled to correct mistakes in somewhat the same manner as an appellate who has filed a defective appeal bond. It appears from the record here that the original deposit was made for the benefit of all three defendants, and the defendants have now filed an amended certificate showing that the clerk holds a proper deposit made by them. They should have requested leave of the Court of Civil Appeals to file an amended certificate there when the intermediate

court held that neither Exploration nor Eastern had perfected an appeal. On the other hand, this is a new question and the proper procedure is not spelled out in the Rules of Civil Procedure. Under the provisions of Rule 481, T.R.C.P., an appeal bond may be amended in the Supreme Court under the same circumstances and on the same terms as in the Court of Civil Appeals under Rule 430. By the express terms of Rule 437 and 504, moreover, the Courts of Civil Appeals and the Supreme Court are admonished not to affirm or reverse a judgment or dismiss an appeal or writ of error for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend the same. We allow the clerk's certificate to be amended and hold that an appeal was perfected by all three defendants.

■ Turning to the merits, the two notes provide for "reasonable attorney's fees (not to exceed ten per cent (10%) of the amount then owing) and expenses of collection incurred." The Court of Civil Appeals correctly held that the amount of "reasonable" attorney's fees has not been conclusively established. As a matter of fact, no proof whatsoever was offered with respect to that issue.

■ There is no merit in defendant's other contentions. The affidavit supporting the motion for summary judgment states that the affiant is over 21 years of age, of sound mind, has never been convicted of a crime, has personal knowledge of every statement made in the affidavit, and is fully competent to testify to the matters stated. Defendants insist that the affidavit is fatally defective and will not support a summary judgment since it does not disclose the affiant's relationship, if any, to the defendants or how he acquired personal knowledge of the facts stated. We do not agree. In the absence of an exception or objection, it was enough for the affidavit to state that the affiant did have personal knowledge. If defendants had any doubt

concerning the accuracy of this statement, they should have excepted to the affidavit at or prior to the hearing. *Youngstown Sheet & Tube Co. v. Penn,* Tex.Sup., 363 S.W.2d 230.

The practice of ordering a partial remand for determination of reasonable attorney's fees only may not be entirely consistent with some of our decisions under Rules 434 and 503, T.R.C.P. See *Waples-Platter Co. v. Commercial Standard Ins. Co.,* 156 Tex. 234, 294 S.W.2d 375. It has been done before, however, and we now do it again. See *International Security Life Ins. Co. v. Finck,* Tex.Sup., 496 S.W.2d 544.

The judgment of the Court of Civil Appeals is modified to provide that plaintiff's claim for attorney's fees against Exploration, Eastern and Stanley C. Woods is severed, and as to that part of the case the judgment of the trial court is reversed and the cause is remanded to the district court. As so modified, the judgment of the Court of Civil Appeals is affirmed.