**Truett H. VESTAL et al., Appellants,**

v.

**M. A. JACKSON et ux., Appellees.**

**No. 6148.**

Court of Civil Appeals of Texas,
Waco.

Nov. 29, 1979.

Truett H. Vestal, Cole, Panzica & Vestal, Inc., Houston, for appellants.

John H. Mallard, Centerville, for appellees.

## OPINION

JAMES, Justice.

This case is before this Court on Appellees' Motion to Dismiss for Want of Jurisdiction. The appeal is from judgment of the 87th District Court partitioning the surface estate of property situated in Leon County, Texas. Judgment was entered on August 17, 1979 at which time Appellants gave oral notice of appeal and the trial judge "waived the requirement of a cost bond or cash deposit since there were no damages." Written notice of appeal, reciting this waiver, was filed on August 24, 1979. Nevertheless, on September 11, 1979, Appellants deposited with the District Clerk of Leon County a sum in cash equivalent to the adjudged costs in the trial court. At some later date the Appellants deposited an additional sum in cash to cover the costs of the transcript and the statement of facts in this case. In late September the trial judge informed the Appellants that he had reconsidered his "waiver" of the Appeal Bond and that a statutory bond should be filed in the case. Appellants thereafter, on October 1, 1979, filed a $500 Cost Bond with the District Clerk.

Appellees have filed a Motion to Dismiss the Appeal in this case claiming that this Court has no jurisdiction because the Appeal Bond filed on October 1, 1979, was not timely filed within 30 days after the rendition of judgment on August 17, 1979. While we agree with Appellees' contention that the Appeal Bond was not timely filed, we must overrule the Motion to Dismiss for Want of Jurisdiction. Under Rule 354, T.R.C.P., appellate jurisdiction may be invoked by filing an Appeal Bond *or* by making a cash deposit with the court clerk. The Rule specifically provides that: "[I]n lieu of a bond, appellant may deposit with the clerk cash in an amount determined by the clerk to be sufficient to cover the estimated costs in the trial court and the cost of the statement of facts and transcript, less such sums as have been paid by appellant on the costs, and in that event the clerk shall file among the papers his certificate showing that the deposit has been made and copy same in the transcript and this shall have the force and effect of an appeal bond." The Supplemental Transcript filed in this case contains a Clerk's Certificate of Cash Deposit in Lieu of Appeal Bond which states that: "This is to certify that I, the undersigned Clerk of the District Courts of Leon County, Texas, have received and do hereby receipt for a cash deposit in the amount of twenty-two and 72/100 ($22.72) dollars, which is equal to the costs of court taxed against Defendants in the above styled and numbered case which have accrued in the trial court, and the same having been paid on or before September 15, 1979. Further receipt is made for $47.00 as the cost of the statement of facts and transcript. These deposits were made in accordance with Rule 354 of the Texas Rules of Civil Procedure as amended effective January 1, 1976, and were from Truett H. Vestal on behalf of Defendants

Joncille Vestal Castle and Truett H. Vestal, appellants." Although this certificate was not filed until October 22, 1979, appellate jurisdiction was invoked when the cash deposit was made on September 11, 1979. The timely deposit rather than the filing of the certificate is the critical jurisdictional factor under the express provisions of Rule 354. Although the original amount of the deposit might have been insufficient to cover both the costs of court and the costs of the transcript and statement of facts, the record shows that the amount of the deposit was later increased to cover the additional costs. Our Supreme Court has held that under Rule 430, T.R.C.P. any defect of substance or form in an appeal bond *or* in a cash deposit may be cured by amendment so long as an appellant has *timely*, albeit imperfectly, sought to invoke appellate jurisdiction. *Woods Exploration and Producing Co. Inc. v. Arkla Equipment Co.*, 528 S.W.2d 568 (Tex.1975). The Court has further stated that this rule should be liberally construed to effectuate its intended purpose.

Thus, under Rules 354 and 430, we hold that Appellants' cash deposit timely made was sufficient to invoke the jurisdiction of this Court and accordingly overrule Appellees' Motion to Dismiss.

APPELLEES' MOTION TO DISMISS OVERRULED.