**James R. JINKINS, Amarala Petroleum, Inc. and Damson Oil Corporation, Appellants,**

v.

**Harry E. BRYAN, Bryan Exploration Company, et al., Appellees.**

**No. 07–87–0084–CV.**

Court of Appeals of Texas, Amarillo.

April 30, 1987.

Templeton & Garner, Robert E. Garner, Amarillo, K.B. Battaglini, Atty., Damson Oil, Houston, for appellants.

Jess C. Dickie, Culton, Morgan, Britain & White, Ed McConnell, Amarillo, James B. Merrell and Michael P. Kovich, Texaco, Inc., Houston, for appellees.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

Appellees move the Court to dismiss this case for lack of jurisdiction because appellants did not comply with the applicable Rules of Appellate Procedure when posting a deposit for costs. We overrule the motion.

Rule 46(b) of the Texas Rules of Appellate Procedure permits an appellant to perfect an appeal by depositing $1,000 with the trial court clerk, in lieu of a surety bond.* Rule 48 classifies acceptable deposits as "cash or a negotiable obligation of the government of the United States of America or any agency thereof, or *with leave of court,* ... a negotiable obligation of any bank or savings and loan association chartered by the government of the United States of America or any state thereof, that is insured by the government of the United States of America or any agency thereof...." (Emphasis added). If a defective bond or deposit is filed, the appellate court may, under Rule 46(f), "allow the filing of a new bond or the making of a new deposit in the trial court on such terms as the appellate court may prescribe."

When perfecting this appeal, appellants elected to deposit with the district clerk a $1,000 cashier's check, drawn on Texas

---

\* Rule 46(b) says:
    In lieu of a bond, appellant may make a deposit with the clerk pursuant to Rule 48 in the amount of $1,000, and in that event the

clerk shall file among the papers his certificate showing that the deposit has been made and copy same in the transcript, and this shall have the force and effect of an appeal bond.

American Bank of Amarillo, Texas, instead of a surety bond. The clerk acknowledged receipt of the cashier's check by issuing a certificate of deposit of cash in lieu of cost bond. However, appellants did not obtain leave of court to deposit the cashier's check. That defect, says appellee, was fatal and denies this Court jurisdiction of the appeal.

When discussing the predecessor of Rule 46(f), the Texas Supreme Court said:

> This rule is liberally construed and applied to carry out its intended purpose. If the appellant files any sort of instrument that is intended to be a bond and to invoke appellate jurisdiction, the instrument may, on timely request, be amended to cure any defect of either form or substance....
>
> Although the Rules of Civil Procedure do not expressly provide for amendment of the clerk's certificate showing that a cash deposit has been made in lieu of an appeal bond, it is our opinion that a party who makes a deposit for the purpose of invoking appellate jurisdiction should be entitled to correct mistakes in somewhat the same manner as an appellate who has filed a defective appeal bond.

*Woods Explor. & Prod. Co. v. Arkla Eq. Co.,* 528 S.W.2d 568, 570 (Tex.1975).

That liberal attitude was evident earlier in *Couch v. City of Richardson,* 313 S.W.2d 949 (Tex.Civ.App.—Dallas 1958), *cert. denied,* 359 U.S. 990, 79 S.Ct. 1120, 3 L.Ed.2d 979 (1959), where an appellant first deposited her personal check, then withdrew the check and filed a surety bond, all without leave of court. The appellate court characterized the procedure as irregular, but refused to hold that it had no jurisdiction, pointing out that the bond was subject to correction under Rule 430 of the Texas Rules of Civil Procedure, the predecessor of Rule 46(f).

A similar result was reached in *Vestal v. Jackson,* 590 S.W.2d 649 (Tex.Civ.App.— Waco 1979, no writ). The appellate court applied a liberal construction to the pertinent rules and refused to dismiss an appeal for lack of jurisdiction although the cash initially deposited was insufficient to cover the costs and the appellant did not timely file the clerk's certificate of cash deposit in lieu of appeal bond.

It is evident from the foregoing cases and from Rule 46(f) that the appellate court is not easily denied jurisdiction, if an appellant has attempted to post a surety bond or deposit. Certainly a multitude of errors can be forgiven under a Rule that empowers the appellate court to permit the correction of defects "of substance or form in any bond or deposit given as security for costs." Tex.R.App.Proc. 46(f).

In this case, appellants attempted to comply with the Rules. They timely deposited a negotiable instrument in lieu of a surety bond and they timely obtained a certificate from the district clerk. We hold those actions sufficient to perfect the appeal and vest this court with jurisdiction. In reaching that conclusion, we observe that appellees have not demonstrated, or claimed, any harm or prejudice because of appellants' failure to obtain leave of court for the deposit.

Appellees' motion to dismiss is denied. Because appellees request no relief except dismissal, we will not exercise our authority under Rule 46(f) to require a correction of the defect in the deposit procedure.