A. No, sir. I don't want to say anything right now.

ATLANTIC RICHFIELD COMPANY
and B & A Pipe Line Company,
Appellants,

v.

The LONG TRUSTS, Appellee.

No. 6–92–025–CV.

Court of Appeals of Texas,
Texarkana.

June 16, 1992.

## ORDER

BLEIL, Justice.

The Long Trusts moved this Court to dismiss the cause for lack of jurisdiction because Atlantic Richfield and B & A Pipe Line Company did not comply with the applicable rules of appellate procedure when posting a deposit for costs. We overrule the motion. TEX.R.APP.P. 46(b) allows an appellant to perfect his appeal by depositing $1,000.00 with the trial court clerk, in lieu of a surety bond. A deposit may consist of cash or a negotiable obligation of the government of the United States or, with leave of court, a negotiable obligation of any bank. TEX. R.APP.P. 48.

In the present case Atlantic Richfield and B & A Pipe Line Company filed a personal check in the amount of $1,000.00 with the district clerk, who, in accordance with the normal procedures of that office, accepted the check without the formal order contemplated by Rule 48. The check has been honored by the bank. The clerk acknowledged receipt by issuing a certificate of deposit.

The Long Trusts argue that payment by check constitutes a fatal defect in the appeal bond and that this Court has failed to obtain jurisdiction over the appeal. A court of appeals has jurisdiction over any appeal when the appellant files an instrument that was filed in a bona fide attempt to invoke the appellate court's jurisdiction. *Grand Prairie I.S.D. v. Southern Parts,* 813 S.W.2d 499 (Tex.1991); *Jinkins v. Bryan,* 733 S.W.2d 268 (Tex.App.—Amarillo 1987, no writ). We may not dismiss an appeal when the appellant files a wrong instrument without giving the appellant an opportunity to correct the error. *Walker v. Blue Water Garden Apartments,* 776 S.W.2d 578, 581 (Tex.1989). When the check was honored by the bank, the issue of the manner of the deposit became moot. The requirement of the posting of a cost deposit had been fulfilled, and in light of the bank's having honored the check, it would be a useless act to require another deposit in a different form. We are not inclined to order a useless act. The deposit of a negotiable instrument, in lieu of a surety bond, that has been honored by the bank, together with the appropriate certificate from the district clerk, is sufficient to perfect the appeal and vest this Court with jurisdiction.[1]

The motion to dismiss is denied.

1. This holding is in keeping with the modern rule that payment or an offer of payment in a manner

which is current in the ordinary course of business dealings is satisfactory. *See, e.g., TSB Exco v. E.N. Smith, III Energy Corp.,* 818 S.W.2d 417, 420–21 (Tex.App.—Texarkana 1991, no writ); RESTATEMENT (SECOND) OF CONTRACTS § 249 (1981).