ACCEPTED
03-17-00365-cv
21279823
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/13/2017 5:30 PM
JEFFREY D. KYLE
CLERK

## NO. 03-17-00365-CV

**IN THE THIRD COURT OF APPEALS**
**AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/13/2017 5:30:45 PM
JEFFREY D. KYLE
Clerk

*MATEO CORTEZ, AS REPRESENTATIVE OF THE ESTATE OF DEBORAH CORTEZ,*
*APPELLANT,*

*V.*

*SANDRA FLESHER BROWN; CHARLOTTE FLESHER ASH; CHARLENE FLESHER JOHNSTON; CONNIE LOU KEITH BARRY; RANDALL WAYNE DAVIS; VIRGINIA VILLERS; CHARLES ROBERTS; LISA A. SMITH; PATRICIA CHAPMAN; BETTY J. MARKS WEBB; JAMES BERL MARKS; LINDA MURRAY; THOMAS WAYNE MARKS; AND DONALD LEMAN WHITED,*
*APPELLEES.*

**Appeal from the Probate Court No. 1 of Travis County, Texas,**
**Trial Court Cause No. C-1-PB-16-002348**

**APPELLANT'S MOTION FOR LEAVE**
**TO AMEND NOTICE OF APPEAL**

Pursuant to Texas Rule of Appellate Procedure 25.1(g), Appellant Mateo Cortez, as Representative of the Estate of Deborah Cortez, files this motion for leave to amend notice of appeal and in support thereof respectfully shows the Court as follows.

Appellant Mateo Cortez is the representative of the estate of his deceased wife, Deborah, the only child of decedents William and Phyllis Short

(who were the settlors of the trust made the subject of this litigation). Appellees, who were third-party defendants below, are more distant relative of the Shorts asserting claims as alternate beneficiaries.

On December 19, 2016, the probate court granted partial summary judgment in favor of Appellees on certain of Cortez's requests for declaratory judgment regarding the meaning and effect of specific provisions of the trust (Article VIII, Paragraphs C and D). 3CR2177-83. Over Cortez's objections, the probate court severed the partial summary judgment to finalize it for appeal. *Id.* On February 9, 2017, Cortez filed his initial notice of appeal to this Court, challenging the probate court's partial summary judgment and severance orders. 3CR2352-54.

On February 10, 2017, nearly two months *after* rendering partial summary judgment, the probate court granted sanctions against Cortez's attorneys, William Brotherton and the Brotherton Law Firm, finding that Cortez's urged interpretation of Paragraph D was frivolous and amending its severed summary judgment to include the sanctions award. On March 13, 2017, Cortez early filed an amended notice of appeal specifically to include the sanctions order. Cortez then timely filed a motion for new trial/reconsideration of the probate court's sanctions order on March 14, 2017, extending the deadline for notice of appeal to May 11, 2017. 3CR2671-88.

2

On May 25, 2017, Cortez filed a second amended notice of appeal to detail additional challenged orders of the probate court, again specifically including the sanctions order embedded in the court's amended severed judgment. 3CR2668-70. The sanctions award is specifically noted on the amended docketing statement filed by Cortez on June 19, 2017. *See* Response at App. B.

Cortez filed his opening brief in this Court on October 16, 2017, including a challenge to the trial court's sanctions award. Appellees' response is due on January 16, 2018 (two 30-day extensions having been granted).

Through inadvertence and mistake, the notice of appeal does not expressly name William Brotherton and the Brotherton law firm as appellants. Pursuant to Tex. R. App. 25.1(b) and (g), Appellant respectfully moves the Court for leave to amend the second amended notice of appeal by adding the following bolded text to the second amended notice of appeal:

> Plaintiff Mateo Cortez, Individually and as Representative of the Estate of Deborah Cortez (herein together, "Cortez") **and attorneys William Brotherton and the Brotherton Law Firm desire** to appeal all the orders made by this Court in this matter…

The proposed third amended notice of appeal including this language is attached at Appendix A.

Appellant Mateo Cortez believes that he has standing to challenge the sanctions order, as detailed in his response to Appellees' Motion to Dismiss,

3

filed contemporaneously with this motion and attached at Appendix B (appendices excluded). Appellant seeks leave to make this amendment only to technically correct the notice and ensure review of the sanctions order on the merits.

No party will be prejudiced by permitting this amendment to Appellant's perfecting documents. Appellees will not be unfairly surprised. The intent to appeal the sanctions order has been made plain in all post-amended judgment filings filed by Brotherton. Appellees did not complain of the sanctions challenge in their earlier post-brief motion filed nearly a month ago. Appellees have at least one additional month to prepare their responsive brief and have fully briefed their position on this issue in two trial courts. *See* Response, App. B.

Permitting this amendment is also consistent with the rules and the policy underlying them. The liberal provisions for amending a notice of appeal are in keeping with the Texas Supreme Court's guidance that a party should be allowed to amend its perfecting documents if that party makes a bona fide attempt to invoke the jurisdiction of the appellate court. *See, e.g. Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex. 1989); *Woods Explor. & Prod. Co. v. Arkla Eq. Co.*, 528 S.W.2d 568, 570 (Tex. 1975). If an "appellant timely files a document in a bona fide attempt to

4

invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required … to perfect the appeal" even if "the appellant filed the wrong instrument" in a misguided attempt to perfect an appeal. *Grand Prairie Sch. Dist. v. Southern Parts*, 813 S.W.2d 499, 500 (Tex. 1991) (per curiam); *see also Sweed v. Nye*, 323 S.W.3d 873, 874–875 (Tex. 2010). These pronouncements reflect the sound policy that "decisions of the court of appeals [should] turn on substance rather than procedural technicality." *Blankenship v. Robins*, 878 S.W.2d 138, 139 (Tex. 1994) (per curiam); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997) ("appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal").

## CONCLUSION AND PRAYER

Appellant respectfully asks this Court to grant leave to amend the second amended notice of appeal to correct the defect or omission, if any, by adding William J. Brotherton and the Brotherton Law Firm to the list of appealing parties and to allow Brotherton to join the brief submitted by Appellant Cortez.

5

Respectfully submitted,

BROTHERTON LAW FIRM


By: /s/ Susan S. Vance_____
    William J. Brotherton
    State Bar No. 00789989
    Shawn M. Brotherton
    State Bar No. 24064956
    BROTHERTON LAW FIRM
    2340 FM 407, Suite 200
    Highland Village, TX 75077
    Phone: 972-317-8700
    Fax: 972-317-0189

    Susan S. Vance
    State Bar No. 24036562
    susan@svancelaw.com
    SUSAN VANCE LAW PLLC
    201 W. 5th Street, Suite 1100
    Austin, Texas 78701
    Phone: 512-736-7295
    Fax: 866-523-5449

ATTORNEYS FOR APPELLANT

## CERTIFICATE OF CONFERENCE

I hereby certify that, on December 13, 2017, I attempted to communicate with Amanda Taylor, counsel for Appellees. We assume Appellees oppose the relief sought in this motion.


    /s/ Susan S. Vance_____
    Susan S. Vance

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *APPELLANT'S MOTION FOR LEAVE TO AMEND NOTICE OF APPEAL* was forwarded, on this 13st day of December 2017, to the following:

Amanda G. Taylor
Beck Redden LLP
515 Congress Avenue, Suite 1900
Austin, TX 78701

Craig Hopper
Brian T. Thompson
Claire D. East
400 W. 15th Street, Suite 408
Austin, TX 78701

*Attorneys for Appellees: Linda Lou Marks Murray, individually; Charlene Rae Flesher Johnston; Charlotte Fae Flesher Ash; Sandra Kay Flesher Brown; Thomas Wayne Marks; James Berl Marks; Betty J. Webb; Patricia A. Chapman; Lisa A. Smith; Charles Bruce Roberts, Jr., Virginia Ann Roberts Villers; Randall Wayne Davis; Sherry Lynn Whited Salsbury; Terry Lee Whited; Michael Ray Whited; Donald Leaman Whited; and Connie Lou Keith Barry*

_____
William J. Brotherton

7

# APPENDIX

**Tab**    **Document**

A.     *Appellant's Third Amended Notice of Appeal*

B.     *Appellant's Response to Appellees' Motion to Dismiss for Want of Jurisdiction* (without Appendix)

# Appendix A

| | | |
|---|---|---|
| MATEO CORTEZ, | § | IN THE PROBATE COURT |
| AS REPRESENTATIVE OF THE | § | |
| ESTATE OF DEBORAH CORTEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 1 |
| | § | |
| SANDRA FLESHER BROWN, | § | |
| CHARLOTTE FLESHER ASH, | § | |
| CHARLENE FLESHER JOHNSTON, | § | |
| CONNIE LOU KEITH BARRY | § | |
| RANDALL WAYNE DAVIS, | § | |
| VIRGINIA VILLERS, | § | |
| CHARLES ROBERTS, | § | |
| LISA A. SMITH, | § | |
| PATRICIA CHAPMAN, | § | |
| BETTY J. MARKS WEBB, | § | |
| JAMES BERL MARKS, | § | |
| LINDA MURRAY, | § | |
| THOMAS WAYNE MARKS, and | § | |
| DONALD LEMAN WHITED, | § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

---

## THIRD AMENDED NOTICE OF APPEAL

---

TO THE HONORABLE JUDGE OF SAID COURT:

1. Plaintiff Mateo Cortez, Individually and as Representative of the Estate of Deborah Cortez (herein together, "Cortez"), William Brotherton, and the Brotherton Law Firm desire to appeal all the orders made by this Court in this matter, including but not limited to, the *Order Denying Intervenor's Special Exceptions to Third Party Defendants' Traditional and No Evidence Motion for Summary Judgment*, the *Order Granting Third Party Defendants' Traditional and No Evidence Motion for Summary Judgment*, and the *Order on Third Party Defendants' Motion to Sever*—all of which were signed on December 19, 2016 in Cause No. C-1-PB-14-001564 and subsequently severed into Cause No. C-1-PB-16-002348—as well as the

---

amendment to the final judgment as it is reflected in the Court's *Order on Third Party Defendants' Motion to Modify Judgment to Include Sanctions Award* and its *Amended Final Judgment*, signed on February 10, 2017 in Cause No. C-1-PB-16-002348.

2.     Cortez, William Brotherton, and the Brotherton Law Firm appeal such orders to the Third Court of Appeals in Austin, Travis County, Texas.

Respectfully submitted,

BROTHERTON LAW FIRM

By: _____
    William J. Brotherton
    State Bar No. 00789989
    Shawn M. Brotherton
    State Bar No. 24064956
    BROTHERTON LAW FIRM
    2340 FM 407, Suite 200
    Highland Village, TX 75077
    Phone: 972-317-8700
    Fax: 972-317-0189

    Susan S. Vance
    State Bar No. 24036562
    susan@svancelaw.com
    SUSAN VANCE LAW PLLC
    201 W. 5th Street, Suite 1100
    Austin, Texas 78701
    Phone: 512-736-7295
    Fax: 866-523-5449

    ATTORNEYS FOR PLAINTIFF

_____

# CERTIFICATE OF SERVICE

This is to certify that, pursuant to the Texas Rules of Civil Procedure, a true and correct copy of the foregoing *Third Amended Notice of Appeal* was forwarded, on this 13th day of December, 2017, to the following:

Mark Cohen
Rose Cohen
The Law Offices of Mark Cohen
805 West 10th Street, Suite 100
Austin, Texas 78701

*Attorneys for Plaintiff /Third Party Defendant Linda Murray in her capacity of Successor Trustee*

Aaron C. Boone
David A. DeJarnett
Bowles Rice LLP
501 Avery Street, P.O. Box 49
Parkersburg, WV 26102-0049

*Attorneys for Connie Lee Keith Barry*

Sheila D. Pettry
Amanda Pettry
Tywanna Annette Pettry
384 E. 260th St.
Euclid, OH 44132

Ruby Mae Hite Pierce, as Next Friend of
Charles Gregory Whited
1604 Park Street
Parkersburg, WV 26101

Craig Hopper
Brian T. Thompson
Claire D. East
400 W. 15th Street, Suite 408
Austin, TX 78701

*Attorneys for Third Party Defendants Linda Lou Marks Murray, individually; Charlene Rae Flesher Johnston; Charlotte Fae Flesher Ash; Sandra Kay Flesher Brown; Thomas Wayne Marks; James Berl Marks; Betty J. Webb; Patricia A. Chapman; Lisa A. Smith; Charles Bruce Roberts, Jr., Virginia Ann Roberts Villers; Randall Wayne Davis; Sherry Lynn Whited Salsbury; Terry Lee Whited; Michael Ray Whited; Donald Leaman Whited; and Connie Lou Keith Barry*

Magen Elizabeth Whited
164 Joe Short Drive, No. 164
Ravenswood, WV 26164

_____
William J. Brotherton

# Appendix B

ACCEPTED
03-17-00365-cv
21265641
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/13/2017 12:56 PM
JEFFREY D. KYLE
CLERK

## NO. 03-17-00365-CV

## IN THE THIRD COURT OF APPEALS
## AUSTIN, TEXAS

*MATEO CORTEZ, AS REPRESENTATIVE OF THE ESTATE OF DEBORAH CORTEZ,*
*APPELLANT,*

*v.*

*SANDRA FLESHER BROWN; CHARLOTTE FLESHER ASH; CHARLENE FLESHER JOHNSTON; CONNIE LOU KEITH BARRY; RANDALL WAYNE DAVIS; VIRGINIA VILLERS; CHARLES ROBERTS; LISA A. SMITH; PATRICIA CHAPMAN; BETTY J. MARKS WEBB; JAMES BERL MARKS; LINDA MURRAY; THOMAS WAYNE MARKS; AND DONALD LEMAN WHITED,*
*APPELLEES.*

**Appeal from the Probate Court No. 1 of Travis County, Texas,**
**Trial Court Cause No. C-1-PB-16-002348**

## APPELLANT'S RESPONSE TO APPELLEES' MOTION TO DISMISS FOR WANT OF JURISDICTION

Appellant Mateo Cortez, as Representative of the Estate of Deborah Cortez, files this response to Appellees' Motion to Dismiss for Want of Jurisdiction, respectfully showing the Court as follows:

1

Appellees claim that, under a line of cases decided by this Court, the Court lacks jurisdiction over Appellant's challenge to the trial court's sanctions order and ask the Court to summarily dismiss that challenge. Because this case is distinguishable from the cited cases on multiple planes, dismissal is inappropriate. Appellees' motion to dismiss should be denied.

## I. The impropriety of the trial court's severance order is a threshold issue that this Court must determine.

Appellant Mateo Cortez is the representative of the estate of his deceased wife, Deborah, the only child of decedents William and Phyllis Short (who were the settlors of the trust made the subject of this litigation). As Cortez has shown the Court, trustee Linda Murray, having invoked the exclusive jurisdiction of the Texas probate court and insisted on a standstill that precluded the Estate from proceeding until the joinder of all the alternative claimed beneficiaries (more distant relatives of the Shorts, including Murray), then improperly filed a separate suit for the trust assets in a West Virginia court on behalf of these relatives.[1] Appellant Br. at 6-8. With the Estate's hands tied and to her own benefit, Murray, as trustee, successfully shut the Estate out of the second-filed West Virginia suit, obtained summary

---

[1] The relatives, Third-Party Defendants in the Texas probate court below, have relabeled themselves "the Heirs" in their multiple motions to this Court.

judgment for the relatives there, and then—on the back of that ruling—Murray, as another claimant to the Trust, gained partial summary judgment against the Estate on its claims to the trust (those asserted under trust Article VIII, Paragraphs C and D) in the Texas suit. 3CR 2177-2178. Over the Estate's objections, the probate court granted severance of that partial summary judgment. 3CR 2181-2183.

More than four (4) months after the West Virginia ruling, a month after the Texas court's partial summary judgment and severance, and a week after the Estate noticed its appeal, the relatives (Third-Party Defendants below, Appellees here) sought sanctions against the Estate's counsel for advocating in Texas the Paragraph D argument the West Virginia court had rejected. The Texas probate court awarded sanctions nearly entirely based on the West Virginia ruling, then tacked that sanctions ruling onto the wrongly severed summary judgment. 3CR2663-2667.

As the Estate has demonstrated, the Texas trial court's severance of intertwined issues and parties was improper making the partial summary judgment against the Estate interlocutory. Appellant's Br. at 15-18. Until that threshold issue is considered, this Court's jurisdiction is limited to determining the propriety of the severance. *Dalisa, Inc. v. Bradford*, 81 S.W.3d 876, 880 (Tex. App.— Austin 2002, pet. granted) appeal dism'd 03-

3

03-00230-CV, 2003 WL 21940024 (Tex. App.—Austin Aug. 14, 2003, no pet.) (mem. op.). Complete review will establish the quagmire created by allowing severance in this artificially truncated case.

If the trial court's severance was improper, which it was, then none of its rulings, including the sanctions order, are ripe for appeal. Any defect in the notice of appeal regarding matters other than the severance order is moot. Because the Court must address this threshold question only after full briefing and argument, if any, summary dismissal of the sanctions issue is inappropriate.

## II. **Cortez has standing to challenge the sanctions order.**

The gravamen of standing is remediable harm. The controversy underlying the probate court's sanctions order is whether certain legal positions regarding the subject trust are frivolous and untenable, a question this Court is asked to address. As Appellant has demonstrated, the frivolous-filing sanctions in this case were sought for the purpose of—and continue to be used for—aggressively quelling the Estate's advancement of good faith legal interpretations of the Trust and attempting to drive a wedge between Estate representative Mateo Cortez, a person of limited means, and his chosen counsel. Appellant's Br. at 39-40. Because of the procedural morass created by Appellees' cross-country gamesmanship, the error in the probate court's

4

sanctions order has profoundly prejudiced Cortez's interests across four courts in two states. None of the cases cited by Appellees have involved such injurious effects on a party as a result of attorney sanctions.

Having invoked the exclusive jurisdiction of the Texas probate court and gained a standstill of the Estate's prosecution of its claims to the Trust, Linda Murray and the other Appellee third-party defendants who stand to personally gain from defeating the Estate then (1) filed a duplicative action in West Virginia; (2) successfully shut the Estate out of the West Virginia action and obtained a partial summary judgment against Mateo Cortez, individually, but purporting to implicate and bind the Estate; (3) rushed to obtain a partial summary judgment and severance against the Estate in Texas to get a quick final order; (4) used the interlocutory West Virginia order to gain sanctions against the Estate's attorneys in Texas (after the severed final order in the Texas trial court was rendered and appealed); and (5) used the Texas sanctions order against the Estate's attorneys to seek West Virginia sanctions against the Estate, Cortez, and his attorneys (again asking for sanctions after there was a final order in the West Virginia trial court). Appellant's Br. at 8-12, 37-38; App. C and E.

In addition to actively leveraging interlocutory rulings in the dual proceedings, at every turn, Appellees have brandished the Texas sanctions

order (which wrongly found frivolous interpretation of only *one* aspect of the Trust, Paragraph VIII, D) as a threat to Cortez unless he drops *all* his claims and appeals in *all* courts in *all* capacities, including claims that were not subject to either the Texas or West Virginia court's summary judgments and sanctions orders.

As only some examples of this ongoing aggressive and offensive use of the probate court's erroneous sanctions order, the following filings and communications are in the records of the Texas and West Virginia courts:[2]

1. Letter from opposing counsel stating to Cortez, "on February 10, 2017, Judge Guy Herman [found] that the claims you filed against my client were frivolous and/or unwarranted…**The purpose of this letter [sic] to demand that Mateo Cortez and/or the Estate of Deborah Cortez immediately withdraw any and all claims to the Trust Assets**…I wish to now make clear that if you and/or your client, Mateo Cortez (either personally or as representative of the Estate of Deborah Cortez) do not immediately withdraw any and all claims to the Trust Assets, then I will take appropriate action to: (a) seek additional sanctions against your firm and (b) **seek sanctions against Mr. Mateo Cortez personally**" 3CR 2798-2800;

2. Letter from opposing counsel stating to Cortez, "[t]he course of action you are pursuing in West Virginia has already been found by the Texas court to be frivolous as a matter of law…If [**Cortez**] is unwilling to do the right thing and **dismiss his frivolous claims** to

---

[2] This Court may take judicial notice of the court records in the West Virginia proceeding and Appellant respectfully asks that it do so. *See* TEX. R. EVID. 201(b)(2); *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W. 3d 451, 489 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

the Trust, then my client has authorized me to aggressively **pursue sanctions against** [**Cortez**]" App. A at p. 2;

3. Connie Lou Keith Barry's Motion for Leave to File Surreply to Give Notice of Developments Relating to the Texas Litigation filed in West Virginia litigation **to sway the court against Cortez** stating, "purpose of the surreply would only be to provide this Court with supplemental authority from the Texas litigation, to wit; the [Sanctions order]" App. B at p. 1;

4. Connie Lou Keith Barry's Response in Opposition to Motion to Intervene and Request for Sanctions filed in West Virginia litigation using the sanction order **to defeat Cortez's motions**, arguing that Cortez is rearguing "the same ridiculous and insupportable legal theories that led to sanctions against his lawyers in Texas" and seeking, on this basis, to *dismiss* all of Cortez's motions before the court and "all of his other frivolous claims for relief" and sanction his attorneys.  App. C at p. 4;

5. Connie Lou Keith Barry's Response in Opposition to Cortez's Post-Judgment Motion to Dismiss filed in West Virginia litigation citing extensively language of the Texas trial court's sanctions order then asking that *for the same reasons stated* in her Response in Opposition to Motion to Intervene and Request for Sanctions. App. D at p. 5;

6. Linda Murray's, in her capacity as the trustee, Response to the Motion to Intervene filed by the Estate of Deborah Cortez using the sanction order to support the denying the Estate's intervention into the West Virginia case, which was successful. App. E at pp. 5-6.

7. Based upon the pleadings of Linda Murray and Connie Barry, the West Virginia Court denied all of Mateo Cortez's and the Estate of Deborah Cortez's motions on June 27, 2017.  App. F at p. 2.

8. Memorandum in Support of Defendant Connie Lou Keith Barry's Motion for Sanctions filed in West Virginia **against Cortez individually and in his capacity as personal representative of the**

**Estate of Deborah Cortez** relying heavily not only upon the sanctions order itself, but upon the transcripts from the sanctions hearing. App. G. Specifically, Barry requests that the trial court follow the Texas trial court's lead of awarding sanctions and do the same in West Virginia (against Mateo Cortez, individually and as representative of the Estate and all of his attorneys). App. G. at pp. 17 and 22; and

9. Barry's sanctions motion has survived a final judgment under *Sally-Mike*. App. G, Paragraph 11. Each of the combined final orders state explicitly that the trial court's final orders do not address, moot, or otherwise dispose of the sanction motion. See Ruling in: App. H at p. 13; App. I at pp. 9-10; and App. J at pp. 13.

The West Virginia case in now before the West Virginia Supreme Court, *see* Appellant's Br. at 11. But unless the Estate is able to challenge and overturn the Texas trial court's sanctions order, West Virginia law, under *Sally-Mike*, leaves Cortez at ongoing risk of personal, representative, and attorney sanctions based on the Texas trial court's erroneous finding that the Estate's Paragraph D claim is frivolous and untenable as the trial court in West Virginia has deferred his ruling on the sanctions.

Although it may, in some instances, be the case that sanctions against a party's attorney implicates only the attorney's interests,[3] the injurious effects of the probate court's sanctions order here seriously impact Appellant's

---

[3] *White v. Tex. Dep't of Family & Protective Servs.*, No. 03-08-00411-CV, 2008 Tex. App. *LEXIS 9508* (Tex. App.—Austin Feb. 22, 2012, no pet.) (finding no jurisdiction over party's appeal of district court order denying recovery of appointed attorney's fees, which appellant equated to sanctions).

8

important procedural and substantive due process rights and cannot be divorced from the monetary harm to his attorneys. Because Cortez has a sufficient relationship with the sanctions challenge to have a justiciable interest in the outcome and because his interests are gravely prejudiced by the error in the probate court's judgment, he has standing to appeal the sanctions order. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005); *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). Thus, even if the Court's jurisdiction were not initially limited by the severance challenge, *see* Sec. I, *supra*, because Appellant has alleged and demonstrated unique harm that further distinguishes this case from the Court's prior opinions, full review and analysis is warranted and summary dismissal is inappropriate. There is no prejudice to Appellees in requiring them to brief and argue this issue—they have done so on multiple occasions in the lower courts of two states.

## III. Even if Cortez lacked standing, his second notice of appeal sufficiently invoked this Court's jurisdiction to permit correction to include Brotherton

Even if this Court's jurisdiction were not initially limited by the severance challenge (Sec. I) and even if the sanctions order did not so injuriously implicate Appellant's interests (Sec. II), Appellant believes that

9

his second notice of appeal is, at worst, curably defective and sufficient to imbue this Court with jurisdiction over the sanctions challenge.

Texas Rule of Appellate Procedure 25.1(b) states that:

> The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from. Any party's failure to take any other step required by these rules, including the failure of another party to perfect an appeal under (c), does not deprive the appellate court of jurisdiction but is ground only for the appellate court to act appropriately, including dismissing the appeal.

Subsection 25.1(g) permits amendment of a notice of appeal in order to correct a defect or an omission even after the opening brief has been filed. TEX R. APP. P. 25.1(g). The liberal provisions for amending a notice of appeal are in keeping with the Texas Supreme Court's decisions that a party should be allowed to amend its perfecting documents if that party makes a bona fide attempt to invoke the jurisdiction of the appellate court. *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex. 1989); *Woods Explor. & Prod. Co. v. Arkla Eq. Co.*, 528 S.W.2d 568, 570 (Tex. 1975).

If an "appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required … to perfect the appeal" even if "the appellant filed the wrong instrument" in a misguided attempt to perfect an appeal. *Grand Prairie Sch.*

10

*Dist. v. Southern Parts*, 813 S.W.2d 499, 500 (Tex. 1991)(per curiam); *Sweed v. Nye*, 323 S.W.3d 873, 874–875 (Tex. 2010)("this Court has consistently held that a timely filed document, even if defective, invokes the court of appeals' jurisdiction"). The rule allowing a bona fide attempt to invoke jurisdiction is based on the principle that "the decisions of the court of appeals [should] turn on substance rather than procedural technicality" *Blankenship v. Robins*, 878 S.W.2d 138, 139 (Tex. 1994)(per curiam); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997)("appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal").

The Fourteenth Court of Appeals recently addressed a circumstance where the trial court sanctioned an attorney, but not the attorney's client. *St. Mina Auto Sales, Inc. v. Al-Muasher*, 481 S.W.3d 661 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). The notice of appeal named only the client. Approximately two and a half months later, after the deadline to file a motion for new trial had passed but before the appellant's brief was due, the attorney amended the notice of appeal to add himself. *Id.* at 666.

The Houston Court of Appeals concluded that, pursuant to Rule 25.1(b), because one of the parties to the trial court's judgment filed a notice of appeal, the appellate court had jurisdiction over all the parties to the judgment.

11

Accordingly, the court had jurisdiction over the attorney's appeal, and could, within its discretion, hear the attorney's appeal. *Id.* at 666 ("Any party's failure to take any other step required by these rules, including the failure of another party to perfect an appeal…does not deprive the appellate court of jurisdiction but is grounds only for the appellate court to act appropriately, including dismissing the appeal."). The court of appeals concluded that the rule eliminates any jurisdictional bar to the consideration of a late-filed notice in which at least one of the parties has appealed the trial court's order or judgment. *Id.*

Here, the probate court's eleventh-hour sanctions ruling was not a stand-alone order, but rather was embedded in the probate court's amended judgment. 3CR2663-67. In addition, Mateo Cortez, as representative of the Estate of Deborah Cortez, Cortez' counsel, William Brotherton and the Brotherton Law Firm, are parties to the appealed amended order and judgment. One of those parties, Cortez, filed a second amended notice of appeal specifically to include the sanctions order. 3CR2668-70 and App. K at p. 4.

Under Rule 25.1, this Court thus has jurisdiction to exercise its discretion to allow correction of the second amended notice of appeal to expressly include William J. Brotherton and the Brotherton Law Firm. The

12

criteria justifying such leave are present—Brotherton timely made a bona fide attempt to invoke the Court's appellate jurisdiction over the sanctions order, and Appellees can demonstrate no surprise or prejudice by allowing the issue to be determined on the merits, rather than a technicality. Appellant formally seeks the Court's leave to file a corrected notice via motion for leave filed contemporaneously with this response.

We recognize and respect that this Court has reached a different result than the *St. Mina* opinion by concluding in *Sluder v. Ogden,* No. 03-10-00280-CV, 2011 WL 4424294 (Tex. App.—Austin 2011, pet. denied) that a sanctioned attorney must file a separate notice of appeal to invoke appellate jurisdiction. We also acknowledge that the Court has applied this holding in subsequent similar cases.[4] Because the Texas Supreme Court has expressly refrained from ruling on this specific issue[5] and because the circumstances of this case are unique, we urge the Court to apply Rule 25.1 to find jurisdiction over the sanctions issue. In any event, given the complexities of this case, summary dismissal is inappropriate.

---

[4] *Berger v. Flores*, No. 03-12-00415-CV, 2015 WL 3654555 (Tex. App. —Austin, June 12, 2015, no pet.); *White v. Tex. Dep't of Family & Protective Servs.*, No. 03-11-00394-CV, 2012 WL 593529 (Tex. App.—Austin Feb. 22, 2012, no pet.); *Bahar v. Baumann*, No. 03-09-00691-CV, 2011 WL 4424294 (Tex. App.—Austin Sept. 23, 2011, pet. denied).
[5] *Braden v. Downey*, 811 S.W.2d 922, 928 n.6 (Tex. 1991) ("We express no opinion on the question whether, in order to seek review of sanctions by appeal, an attorney must perfect a separate appeal apart from that perfected by his client.").

13

## CONCLUSION AND PRAYER

The procedural posture and unique circumstances of this case distinguish it from the authorities relied on by Appellees. Because the severance challenge initially limits the Court's jurisdiction, because Cortez has alleged and demonstrated harm requiring at least the Court's comprehensive standing analysis, and because Cortez's second notice of appeal sufficiently invoked the Court's jurisdiction over the sanctions issue to permit correction to include Brotherton, Appellees' motion to summarily dismiss Appellant's sanctions challenge should be denied. At most, the motion should be carried with this appeal to permit complete review and development of the appellate record to allow proper presentation to the Texas Supreme Court on further appeal, if any.

Respectfully submitted,

BROTHERTON LAW FIRM

By: /s/ William J. Brotherton
    William J. Brotherton
    State Bar No. 00789989
    Shawn M. Brotherton
    State Bar No. 24064956
    BROTHERTON LAW FIRM
    2340 FM 407, Suite 200
    Highland Village, TX 75077
    Phone: 972-317-8700
    Fax: 972-317-0189

    Susan S. Vance
    State Bar No. 24036562
    susan@svancelaw.com
    SUSAN VANCE LAW PLLC
    201 W. 5th Street, Suite 1100
    Austin, Texas 78701
    Phone: 512-736-7295
    Fax: 866-523-5449

    ATTORNEYS FOR APPELLANT

15

## I.  CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Appellant's Response to Appellees' Motion to Dismiss for Want of Jurisdiction* was forwarded, on this 13th day of December, 2017, to the following:

Amanda G. Taylor
Beck Redden LLP
515 Congress Avenue, Suite 1900
Austin, TX 78701

Craig Hopper
Brian T. Thompson
Claire D. East
400 W. 15th Street, Suite 408
Austin, TX  78701

*Attorneys for Appellees: Linda Lou Marks Murray, individually; Charlene Rae Flesher Johnston; Charlotte Fae Flesher Ash; Sandra Kay Flesher Brown; Thomas Wayne Marks; James Berl Marks; Betty J. Webb; Patricia A. Chapman; Lisa A. Smith; Charles Bruce Roberts, Jr., Virginia Ann Roberts Villers; Randall Wayne Davis; Sherry Lynn Whited Salsbury; Terry Lee Whited; Michael Ray Whited; Donald Leaman Whited; and Connie Lou Keith Barry*

/s/ William J. Brotherton
William J. Brotherton